1998-NMSC-028

964 P.2d 98

**Delma Joyce BROOKS, Plaintiff–Appellant,**

v.

**K–MART CORPORATION, Defendant–Appellee.**

No. 24674.

Supreme Court of New Mexico.

Aug. 25, 1998.

Jeffrey B. Diamond, P.A., Jeffrey B. Diamond, Carlsbad, Heidel, Samberson, Newell & Cox, Michael Newell, Lovington, for Plaintiff–Appellant.

Butt, Thornton & Baehr, P.C., John A. Klecan, Emily A. Franke, Albuquerque, for Defendant–Appellee.

*OPINION*

MINZNER, Justice.

{1}   Plaintiff–Appellant   Delma   Joyce Brooks appeals from a jury verdict and judgment entered in favor of Defendant–Appellee K–Mart Corporation.   Brooks contends that the trial court committed reversible error in

its instruction of the jury. We conclude that the trial court did not err. We, therefore, affirm the jury's verdict and the judgment of the trial court.

## I.

{2} Brooks visited a K–Mart store in Carlsbad, New Mexico, on December 26, 1991, with the intention of shopping. Upon her entrance into the store, Brooks attempted to obtain a shopping basket and, in dislodging it from other baskets, slipped and hit her head. Brooks was hospitalized for seven days as a result of the injuries she suffered from the fall.

{3} Brooks then filed a negligence suit against K–Mart in district court on December 9, 1994. Brooks alleged that the floor was wet and that the water caused her fall. She also alleged that K–Mart knew or should have known of the presence of the water on the floor prior to her fall.

{4} Following a trial on the merits, the district court instructed the jury on K–Mart's duty to Brooks as follows:

> The owner of the premises is not the insurer of the safety of visitors, but does owe a visitor the duty to use ordinary care to keep the premises safe for visitors' use. This applies whether or not the dangerous condition is obvious. In performing this duty, the owner is charged with knowledge of any condition on the premises of which the owner had knowledge [sic] had it made a reasonable inspection of the premises or which was caused by the owner or its employees. ·

Because the trial court's instruction modified an applicable uniform jury instruction, Brooks objected to it at trial. After a jury verdict in K–Mart's favor, Brooks moved for judgment notwithstanding the verdict or for a new trial based on the instruction given to the jury. Brooks objected to the language instructing the jury that "[t]he owner of the premises is not the insurer of the safety of visitors." Brooks contended that this language confused the jury about K–Mart's duty to Brooks and injected outmoded notions of contributory negligence into the trial. The district judge, denying the motion, entered

judgment in favor of K–Mart. Brooks subsequently appealed to the Court of Appeals, which certified the appeal to this Court as a matter of substantial public interest. The trial court's modification to the uniform jury instruction forms the sole basis of Brooks' appeal.

## II.

{5} This Court has approved a uniform jury instruction for use in negligence actions involving a slip and fall. *See* UJI 13–1318 NMRA 1998. At the time Brooks filed her suit against K–Mart, the instruction read as follows:

> The defendant was not an insurer of the safety of the plaintiff, but [he][she] did owe [him][her] the duty to exercise ordinary care to keep [his][her] premises in a safe condition for the plaintiff's use. In performing this duty, the defendant had the duty to make reasonable inspections of the premises and the duty to exercise ordinary care to correct, or to warn the plaintiff of the presence of, any dangerous condition existing on the premises, of which [he][she] had knowledge or of which [he][she] would have had knowledge had [he][she] performed the duty of reasonable inspection. A dangerous condition, as used herein, means a condition which a person exercising ordinary care would foresee as being likely to cause injury to one exercising ordinary care for [his][her] own safety.

UJI 13–1318 NMRA 1996 (prior to 1996 amendment). However, prior to trial, we approved an amendment of UJI 13–1318 to its current form, which states:

> An [owner] [occupant] owes a visitor the duty to exercise ordinary care to keep the premises safe for visitor's use. [This duty applies whether or not a dangerous condition is obvious.] [In performing this duty, the [owner] [occupant] is charged with knowledge of any condition on the premises [of which the [owner] [occupant] would have had knowledge had [he][she][it] made a reasonable inspection of the premises] [or] [which was caused by the [owner] [occupant] or [his][her][its] employees].]

UJI 13–1318 NMRA 1998 (effective for cases filed on or after March 1, 1996).

{6}    The trial court's instruction represents a hybrid of the two versions of UJI 13–1318, deriving the first clause of the first sentence of the instruction from the former version of UJI 13–1318 and drawing the remainder from the amended version of UJI 13–1318. Brooks argues that the trial court's instruction should have consisted entirely of the amended version of UJI 13–1318. We disagree.

{7}    Our Rules of Civil Procedure require district courts to utilize an applicable uniform jury instruction (UJI) if a jury should be instructed on the subject of the UJI. Rule 1–051(F) NMRA 1998. When a current UJI applies, this Court has approved the trial court departing from the instruction under appropriate circumstances. *See Dunleavy v. Miller,* 116 N.M. 353, 363, 862 P.2d 1212, 1222 (1993) (affirming a judgment entered on a jury's verdict, even though the trial court had declined to give a uniform jury instruction on sudden emergency). In *Dunleavy,* we withdrew the UJI on sudden emergency from use, because we held that "the instruction is unnecessary, confusing, and likely to emphasize one party's theory of the case." *Id.* Our rules provide for deviation in more general terms. The district court may deviate from the UJI only if "under the facts or circumstances of the particular case the published UJI Civil is erroneous or otherwise improper, and the trial court so finds and states of record its reasons." Rule 1–051(D). If the current, amended version of UJI 13–1318 applied in this case, we would ask whether the amended version of the UJI improperly characterized the law of this State as it applied to the facts of this case and whether it was necessary and proper for the trial judge to modify the amended version of UJI 13–1318. Because we so recently amended UJI 13–1318 to conform to current New Mexico law, and absent findings by the trial court justifying departure from the UJI, we would likely agree that the trial court should have given the amended UJI without modification. *See Jewell v. Seidenberg,* 82 N.M. 120, 123, 477 P.2d 296, 299 (1970) (stating that "failure to give a mandatory instruction constitutes error"). Though likely error, such a modification of a UJI would not necessarily require reversal. *See* Rule 1–061 NMRA 1998 (directing that any error not causing prejudice to the substantial rights of a party shall be disregarded); *Jewell,* 82 N.M. at 123–24, 477 P.2d at 299–300 (requiring proof of prejudice to substantial rights for modification of uniform jury instruction to constitute reversible error, instead of adopting a presumption of prejudice, and stating that now-Rule 1–051 "did not intend to place form above substance"). *Compare First Nat'l Bank v. Sanchez,* 112 N.M. 317, 322, 815 P.2d 613, 618 (1991) (concluding that an incorrect statement of the law on an important aspect of damages constituted reversible error), *with Sutherlin v. Fenenga,* 111 N.M. 767, 772, 810 P.2d 353, 358 (Ct.App. 1991) (concluding that failure to give instruction was harmless error because substance of instruction was sufficiently similar to an instruction actually given), *and McCarson v. Foreman,* 102 N.M. 151, 158–59, 692 P.2d 537, 544–45 (Ct.App.1984) (concluding that a minor deviation from uniform jury instruction was harmless error due to absence of prejudice). However, when this Court amended UJI 13–1318, we made the amendment effective for cases filed in the district courts on or after March 1, 1996. Because Brooks filed her claim on December 9, 1994, we conclude that the former version of UJI 13–1318, to the extent that it accurately represented New Mexico law, applied in this case.

{8}    Nonetheless, as the district court recognized and as outlined in the committee commentary to UJI 13–1318, the former version of UJI 13–1318, applicable in Brooks' case, did not accurately represent New Mexico law at the time the district court instructed the jury. Prior to Brooks' filing of her suit against K–Mart, this Court decided in *Klopp v. Wackenhut Corp.,* 113 N.M. 153, 157, 824 P.2d 293, 297 (1992), that the principle of comparative negligence requires that an owner of premises not be relieved of liability for injuries resulting from open and obvious dangers. "Simply by making hazards obvious to reasonably prudent persons, the occupier of premises cannot avoid liability to a business visitor for injuries caused by dangers that otherwise may be made safe through reasonable means." *Id.* As a result,

to the extent that UJI 13–1318 conflicted with *Klopp, see Klopp,* 113 N.M. at 158 n. 2, 824 P.2d at 298 n. 2 (disapproving the definition of dangerous condition contained in the former version of UJI 13–1318), it was not a proper instruction for the jury in this case. *See* Rule 1–051(B); *Vigil v. Miners Colfax Med. Ctr.,* 117 N.M. 665, 670, 875 P.2d 1096, 1101 (Ct.App.1994) (stating that jury instructions must "fairly present the issues and the applicable law"). Thus, we believe the district court properly attempted to reconcile the former version of UJI 13–1318 with *Klopp* in order to accurately instruct the jury regarding New Mexico law.

{9} Brooks argues that the district court's instruction to the jury, although including the language in the current version of UJI 13–1318 with respect to obvious dangers consistent with *Klopp,* continued to be inconsistent with the reasoning of *Klopp.* She contends that the instruction, by stating that an owner is not an insurer of its visitors, introduced concepts of contributory negligence into the trial and is, therefore, incompatible with our discussion of comparative negligence in *Klopp.* Brooks argues that the deletion of the disputed phrase from UJI 13–1318 in the 1996 amendments, because the phrase does not relate to warnings about dangerous conditions, indicates that the clause must be inconsistent with comparative negligence. *See* UJI 13–1318 committee commentary ("The former version of this instruction, which suggested that the duty to exercise ordinary care could always be satisfied by warning the plaintiff of a dangerous condition *and which invoked outmoded concepts of contributory negligence,* has been revised in light of [*Klopp* ].") (emphasis added).

■ {10} We conclude that the phrase, "[t]he owner of the premises is not the insurer of the safety of visitors," does not inject any notion of contributory negligence into the jury's deliberations. Instead, we believe the phrase accurately represents New Mexico law. In a slip and fall case, a business visitor must prove that an owner or occupier of the premises failed to exercise ordinary care by rendering safe an unreasonably dangerous condition on the premises known to,

or discoverable upon reasonable investigation by, the owner or occupier. *See, e.g., Klopp,* 113 N.M. at 159, 824 P.2d at 299 ("[T]o rise to the level of negligence an act must be one which a reasonably prudent person would foresee as involving an unreasonable risk of injury to another."). The contested phrase accurately identifies that negligence, rather than strict liability, applies to the facts of this case. *See Hallett v.. Furr's, Inc.,* 71 N.M. 377, 382, 378 P.2d 613, 617 (1963) ("The law of New Mexico is well established by our 'slip and fall' cases that a proprietor or store owner is not an insurer or guarantor of the safety of his [or her] business invitees . . . ."), *overruled in part on other grounds, Proctor v. Waxler,* 84 N.M. 361, 364, 503 P.2d 644, 647 (1972). Thus, we conclude that the trial court did not err by retaining the disputed language in its use of the former version of UJI 13–1318. We are not persuaded that the language is confusing or that it unduly emphasized one party's theory of the case. We agree that the language might have been unnecessary, but we believe the trial court judge made a reasonable effort to instruct the jury as required by a change in the case law. If in that effort, the judge retained unnecessary language, which did not create confusion or unduly emphasize one party's theory, he did not err.

### III.

{11} Unlike the portion of the former version of UJI 13–1318 defining a dangerous condition, we believe that the phrase, "[t]he defendant was not an insurer of the safety of the plaintiff," was deleted due to prudential considerations and not due to an inaccurate depiction of New Mexico law. Thus, we conclude that the district court conscientiously followed the dictates of Rule 1–051 by modifying the applicable UJI only to the extent necessary to accurately reflect the law applicable to the facts at that time. Taking the contested instruction as a whole and together with other instructions, we conclude that the district court's instructions fairly presented the issues and the applicable law. Therefore, finding no error by the district court, we

affirm the jury verdict and judgment in favor of K–Mart.

{12}  IT IS SO ORDERED.

FRANCHINI, C.J., and BACA, SERNA and McKINNON, JJ., concur.