Joseph Edward SLOAN; Byron Z. Moldo, Chapter 7 Trustee—In re: Joseph Edward Sloan, Debtor, Plaintiffs–Appellants / Cross–Appellees,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant–Appellee / Cross–Appellant.

Nos. 02–2050, 02–2059.

United States Court of Appeals, Tenth Circuit.

Feb. 12, 2003.

Before KELLY, PORFILIO, and BRISCOE, Circuit Judges.

## CERTIFICATION OF QUESTION OF STATE LAW

PAUL KELLY, Jr., Circuit Judge.

The United States Court of Appeals for the Tenth Circuit, pursuant to the provisions of the Uniform Certification of Questions of Law Act, N.M. Stat. Ann. §§ 39–7–1 to 39–7–13 (2002) and N.M. R.App. P. 12–607, desires to submit to the Supreme Court of New Mexico a request that the Court exercise its discretion to accept the following certified question of New Mexico law, which may be determinative of this case now pending in this court and as to which it appears that there is conflicting precedent in the courts of New Mexico:

> Is an instruction for punitive damages required in every insurance bad faith case in which the plaintiff has produced evidence supporting compensatory damages as suggested by Uniform Jury Instruction 13–1718, N.M. R. Ann., UJI–Civ. (2002) (Directions for Use), or is the New Mexico Court of Appeals correct that subsequent New Mexico Supreme Court authority requires a culpable mental state beyond bad faith for imposition of punitive damages in insurance bad faith cases? *Teague–Strebeck Motors, Inc. v. Chrysler Ins. Co.*, 127 N.M. 603, 985 P.2d 1183, 1202–05 (1999).

*See also City of Hobbs v. Hartford Fire Ins. Co.*, No. 95–0079 PK/LFG, Memorandum Opinion & Order at 6–15, (D.N.M. Sept. 10, 1999) (Doc. 344) (discussing this issue), *aff'd in pertinent part and rev'd in part sub nom. City of Hobbs v. Nutmeg Ins. Co.*, Nos. 99–2308, 99–2318, 2000 WL 1763455, at *2–5 (10th Cir. Nov.30, 2000); *see also Yumukoglu v. Provident Life & Acc. Ins. Co.*, 131 F.Supp.2d 1215, 1229 n. 5 (D.N.M.2001) (noting this issue), *aff'd*, 36 Fed. Appx. 378 (10th Cir.2002). We do not

intend to limit by our statement of this question the scope of the New Mexico Supreme Court's consideration of the issues involved.

### Background

This matter is before the court on an appeal and cross-appeal from the trial, in which Plaintiffs were awarded $600,000 in compensatory damages (reduced to $540,000 on motion for remittitur). At the close of Plaintiffs' case, Defendant State Farm moved for judgment as a matter of law on Plaintiffs' claim for punitive damages. The court granted Defendant State Farm's motion and later denied a motion to reconsider.

On appeal, Plaintiffs argue that, under New Mexico law, where there is sufficient evidence to submit a bad faith claim to the jury, then an instruction on punitive damages must also be given to the jury. The issues raised by Defendant in its cross-appeal need not be resolved by the New Mexico Supreme Court.

### New Mexico Case Law

In *Jessen v. National Excess Ins. Co.*, 108 N.M. 625, 776 P.2d 1244, 1246 (N.M. 1989), the New Mexico Supreme Court held that "[b]ad faith supports punitive damages upon a finding of entitlement to compensatory damages." The Supreme Court in *Jessen* relied, in turn, upon *United Nuclear Corp. v. Allendale Mut. Ins. Co.*, 103 N.M. 480, 709 P.2d 649, 654 (1985), which decided that "[t]o assess punitive damages for breach of an insurance policy there must be evidence of bad faith or malice in the insurer's refusal to pay." *See Jessen*, 776 P.2d at 1246; *see also Suggs v. State Farm Fire & Cas. Co.*, 833 F.2d 883, 891–92 (10th Cir.1987) ("The [insureds] concede that, absent a finding of at least bad faith, no punitive damages are permissible.").

This view of New Mexico state law regarding punitive damages in bad faith cases is further supported by the relevant provisions in the New Mexico Uniform Jury Instructions. In New Mexico, where there is a uniform jury instruction on a matter of substantive law, it should be given "unless under the facts or circumstances of the particular case the published UJI Civil is erroneous or otherwise improper," N.M. R. Civ. P. 1–051(D), though a change in the law might require a deviation from a uniform jury instruction, *see Brooks v. K–Mart Corp.*, 125 N.M. 537, 964 P.2d 98, 101 (1998).

UJI 13–1718 sets the standard for punitive damages in bad faith cases:

If you find that plaintiff should recover compensatory damages for the bad faith actions of the insurance company, then you may award punitive damages.

Punitive damages are awarded for the limited purposes of punishment and to deter others from the commission of like offenses.

The amount of punitive damages must be based on reason and justice, taking into account all the circumstances, including the nature of the wrong and such aggravating and mitigating circumstances as may be shown. The amount awarded, if any, must be reasonably related to the compensatory damages and injury.

N.M. R. Ann., UJI–Civ. (2002). The "Directions for Use" indicate that "[t]his instruction *must* be given in *every* action under UJI ... 13–1704 [bad faith failure to settle]. Because this instruction is complete on the availability of punitive damages in insurance bad faith actions, UJI 13–1827 [the general punitive damages instruction] is unnecessary and should not be given in such cases." *Id.* (emphasis added). UJI 13–1718 was adopted pursuant to an order of the New Mexico Su-

preme Court with an effective date for cases filed on or after November 1, 1991.

The general punitive damages instruction instructs that punitive damages are available in a direct liability case if the plaintiff is entitled to compensatory damages against a defendant and that defendant's conduct was malicious, willful, reckless, wanton, fraudulent *or in bad faith.* N.M. R. Ann., UJI–Civ. 13–1827 (2002). The "Directions for Use" section refers to the specific punitive damages instruction for insurance bad faith claims: "Some other chapters of UJI Civil contain punitive damage instructions specifically applicable to particular causes of action which should be used where appropriate. *See, e.g.,* UJI ... 13–1718 (insurance bad faith)." *Id.* The current form of UJI 13–1827 is the product of an amendment effective July 1, 1998.

On the other hand, the New Mexico Supreme Court's decisions in *Allsup's Convenience Stores, Inc. v. North River Ins. Co.,* 127 N.M. 1, 976 P.2d 1 (1998), and *Paiz v. State Farm Fire & Cas. Co.,* 118 N.M. 203, 880 P.2d 300 (1994), arguably support Defendant's view that punitive damages require not only a finding of bad faith resulting in compensatory damages but also a culpable mental state. A subsequent decision of the New Mexico Court of Appeals straightforwardly seems to alter *Jessen* and the UJI insofar as the case held that New Mexico law "require[s] the presence of aggravated conduct beyond that necessary to establish the basic [bad faith] cause of action in order to impose punitive damages." *Teague–Strebeck Motors, Inc. v. Chrysler Ins. Co.,* 127 N.M. 603, 985 P.2d 1183, 1202 (1999).

The New Mexico Court of Appeals in *Teague–Strebeck* acknowledged the conflict between its view and UJI 13–1718:

> We note, however, that *Paiz* was decided in 1994, three years after our bad faith jury instructions were adopted by the Supreme Court. UJI 13–1718 NMRA 1999 clearly contemplates the giving of a punitive damages instruction in every bad faith case submitted to a jury. *See id.* (Directions for Use). Given the holding in *Paiz,* and the language in *Allsup's,* upon which we rely, it would seem appropriate to reconsider this approach.

985 P.2d at 1203 n. 1. *Teague–Strebeck* concluded, however, that the formulation in the uniform jury instructions has been "superseded" by *Paiz* and *Allsup's. Id.* at 1205.

### Conclusion

This court concludes that this proceeding involves important questions of state law under the statutes of New Mexico and that it is appropriate that the Supreme Court of New Mexico be afforded an opportunity to decide them. It appears that these questions may be determinative of the appeal now pending before this court and that there is no controlling precedent. This court accordingly concludes that it should submit these certified questions to the New Mexico Supreme Court. In its discretion, that court may answer the questions pursuant to Rule 12–607 of the New Mexico Rules of Appellate Procedure. Therefore, the undersigned presiding judge of the panel submits this certification to the Supreme Court of New Mexico, in accordance with Rule 12–607 of the New Mexico Rules of Appellate Procedure. The Clerk of this court is directed to transmit a copy of this certification to counsel for all parties to the proceedings in this court. The Clerk shall also submit to the Clerk of the Supreme Court of New Mexico a certified copy of this certification order, together with copies of the briefs filed in this court, and either the original or a copy of the record as filed in this court by the Clerk of the United States

District Court for the District of New Mexico.

The appeal is ordered STAYED pending resolution of the certified question herein.