2007-NMSC-026

161 P.3d 853

**Sonya BENAVIDEZ, Plaintiff–Petitioner,**

v.

**CITY OF GALLUP, Defendant– Respondent.**

**No. 29,160.**

Supreme Court of New Mexico.

May 11, 2007.

Rosenfelt & Buffington, P.A., Thomas L. Murphy, Gallup, NM, for Petitioner.

Mason, Isaacson & Macik, P.A., Thomas Lynn Isaacson, Gallup, NM, for Respondent.

## OPINION

MAES, Justice.

{1} Sonya Benavidez ("Plaintiff") filed suit against the City of Gallup ("City") after tripping and falling over a water meter. After a three-day trial, the jury returned a special verdict in favor of the City. Plaintiff appealed, and the Court of Appeals affirmed the judgment in a Memorandum Opinion. We granted certiorari to review Plaintiff's following claims of error: (1) the trial court erred in refusing to give the basic slip-and-fall instruction, UJI 13–1318 NMRA; (2) the unequal number of peremptory challenges was prejudicial to Plaintiff; and (3) defense counsel's improper closing argument prejudiced Plaintiff's right to a fair trial. We agree with the Court of Appeals that Plaintiff was not prejudiced when the trial court reversed its decision after initially denying a challenge for cause during jury selection. We instruct trial courts that if this situation arises, then they must allow the party who originally requested the challenge to use a peremptory challenge on any jurors previously selected. We also agree with the Court of Appeals that Plaintiff was not prejudiced by statements made by defense counsel during closing arguments. However, we find that the trial court erred in refusing Plaintiff's requested jury instruction. Thus, we reverse the Court of Appeals on this issue and remand for a new trial.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{2} While taking the trash out the back door at her mother's store in Gallup, New Mexico, Plaintiff fell and fractured her ankle. She testified that she tripped on a water meter in the alley. Although Plaintiff was not a regular employee of the store, she was assisting her mother at the store at the time of the incident. Plaintiff filed a Complaint for Damages for Personal Injuries under the New Mexico Tort Claims Act against the City of Gallup.[1]

{3} At trial, during jury selection, Plaintiff challenged Juror # 14 for cause, because the juror had indicated that he had been represented by defense counsel's law firm and stated that there are "too many lawsuits." The judge denied the challenge and instructed Plaintiff that she could use one of her peremptory challenges on the juror. After

---

1. Plaintiff also sued the owner of the building, but dismissed her complaint against the owner before trial.

seven jurors were empaneled, the judge changed his mind and decided to excuse Juror # 14 for cause. Plaintiff had not exhausted all of her peremptory challenges at this time, and at the end of jury selection still had one challenge left.

{4} At the close of the evidence, the parties submitted their requested jury instructions. Among the tendered instructions was Plaintiff's Requested Instruction No. 28:

> An owner owes a visitor the duty to exercise ordinary care to keep the premises safe for the visitor's use. This duty applies whether or not the dangerous condition is obvious. In performing this duty, the owner is charged with knowledge of any condition on the premises of which the owner would have had knowledge had it made a reasonable inspection of the premises or which was caused by the owner or its employees.

This instruction is codified as UJI 13–1318. The court refused the instruction, initially finding that Plaintiff was not a visitor. Plaintiff argued that based on *Ford v. Bd. of County Comm'rs*, 118 N.M. 134, 879 P.2d 766 (1994), Plaintiff was a visitor. After further discussion between the court and both parties, the court ruled that the instruction was "too ambiguous" and "redundant in view of [UJI 13–1317 NMRA]." Plaintiff objected, but the court maintained its refusal of the instruction.

{5} During closing arguments, defense counsel, referring to literature from the water meter's manufacturer, stated:

> And I'm going to suggest that [the manufacturer] wasn't saying anything back in the 1930's of [sic] before. And I'll tell you why [the manufacturer] wasn't saying anything back in the 1930's or before, because the language that you see and the diagrams that you see about proper setting and improper setting are because of people like me and [Plaintiff's counsel]. You know it from all of the instruction manuals you get, a lot of your instructions—

Plaintiff's counsel objected, stating that "I think what counsel is suggesting is that ... because there have been other lawsuits, that that's the reason that they have to do it." This objection was overruled. Plaintiff's

counsel then stated, "I don't think that's a proper argument," to which the court responded, "[o]verruled." Defense counsel continued, "If you've looked at any of your instruction manuals, a lot of it is put in there, the language is put in there by lawyers to try to keep them from being sued." Plaintiff's counsel objected, stating, "There's no evidence in this case that that was prepared by lawyers to keep the company from getting sued." The court responded that "[w]ide latitude is permitted in argument." Later in the argument, defense counsel stated, "The comparative negligence is important because the law says you cannot recover if you were at fault." Plaintiff's counsel objected. The court sustained this objection and instructed counsel to restate the argument, which he did.

{6} The jury returned a special verdict in favor of the City, finding that the City was not negligent. After the judgment was entered, Plaintiff filed a Motion for a New Trial, upon which the trial court apparently never ruled. Plaintiff appealed.

{7} The Court of Appeals affirmed the trial court in a Memorandum Opinion. The Court held that Plaintiff failed to show that she was prejudiced by the court's actions regarding Juror # 14, because Plaintiff did not indicate which juror she would have challenged before the court excused the juror, did not exhaust all of her peremptory challenges, and did not allege that the empaneled jury was partial. On the issue of the statements made by defense counsel during closing argument, the Court found that the statements regarding industry standards being written by attorneys did not require reversal. The Court relied upon *Apodaca v. U.S. Fid. & Guar. Co.*, 78 N.M. 501, 502, 433 P.2d 86, 87 (1967), in which this Court held that " '[b]efore a judgment is reversed because of argument of counsel two things must appear: the argument must be improper, and it must be such as to satisfy the reviewing court that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case.' " (Quoting *Aultman v. Dallas Ry. & Terminal Co.*, 152 Tex. 509, 260 S.W.2d 596, 599 (1953)). The Court in the present case found that Plaintiff

had not indicated how the argument caused the jury to come to an improper conclusion. Additionally, the Court held that defense counsel's misstatement of the law did not require reversal. Finally, the Court held that the jury instruction requested by Plaintiff which was refused by the trial court did "not apply to the situation presented by the evidence in this case," and did not "address the particular duty of a city with regard to its streets and sidewalks. Thus, it did not state the law of the case." We granted Plaintiff's Writ of Certiorari to the Court of Appeals to address the above issues.

## II. DISCUSSION

### A. Plaintiff was Not Prejudiced During Jury Selection, but the Trial Court Should Have Asked Plaintiff if She Wished to Use a Peremptory Challenge Retroactively

{8} During jury selection, Plaintiff challenged Juror # 14 for cause. The court initially denied the challenge, but after seven jurors were selected, the court changed its mind and excused Juror # 14 for cause. Plaintiff did not request to use a peremptory challenge on any of the jurors previously selected or exhaust all of her challenges during jury selection. On appeal, Plaintiff contends that the court's actions resulted in an unequal amount of peremptory challenges between Plaintiff and the City during more than half of the jury selection process. Plaintiff argues that prejudice is shown by alleging that she would have used the challenge that she withheld on one of the previously selected jurors.

{9} The Court of Appeals concluded that Plaintiff failed to show prejudice because she (1) did not indicate which juror she would have challenged, (2) made no allegation that the empaneled jury was partial, and (3) did not use all of her peremptory challenges.

{10} Trial courts are vested with wide discretion regarding the jury selection process, and we will not reverse absent an abuse of that discretion. *See Morris v. Cartwright,* 57 N.M. 328, 331, 258 P.2d 719, 721 (1953); *Apodaca v. AAA Gas Co.,* 2003–NMCA–085, ¶ 93, 134 N.M. 77, 73 P.3d 215.

{11} We first address Plaintiff's argument that the trial court's ruling resulted in an imbalance of peremptory challenges. In *Carraro v. Wells Fargo Mortgage & Equity,* 106 N.M. 442, 443, 744 P.2d 915, 916 (Ct.App. 1987), the defendants requested five peremptory challenges each, based on adverse interests. *See* Rule 1–038(E) NMRA (providing for additional peremptory challenges to parties on the same side of a lawsuit if they have diverse interests or seek different relief). The plaintiff objected, requesting that the defendants share the five challenges. *Id.* The court allowed each defendant five challenges, and denied the plaintiff's request to be given another five challenges. *Id.* After having to call a second jury panel, the trial court allowed the plaintiff and each defendant an extra two challenges. *Id.* On appeal, the plaintiff argued that it was unfair that the defendants received twice as many challenges as he did. *Id.* at 444, 744 P.2d at 917. The Court of Appeals pointed to the general rule that errors must be prejudicial in order to be reversible, and held that "an imbalance of peremptory challenges does not constitute error per se." *Id.* at 444–45, 744 P.2d at 917–18. The Court also found that there was no prejudice requiring reversal, because the plaintiff did not specify which jurors he would have challenged, and there was nothing to indicate that the empaneled jury was unfair. *Id.*

{12} In the present case, at the time Juror # 14 was excused, Defendant had used two peremptory challenges and Plaintiff had used one. Plaintiff argues that she was always behind in the selection process because she would have used the challenge that she withheld on one of the previously selected jurors. The Court of Appeals held that in order to show prejudice, "Plaintiff needed to exhaust her peremptory challenges on jurors who should have been excused for cause." To support its determination, the Court of Appeals relied upon *Fuson v. State,* 105 N.M. 632, 735 P.2d 1138 (1987). In *Fuson,* the trial court refused to excuse a juror for cause who indicated during voir dire that he knew "about half" of the witnesses in the case and who stated that he might not be impartial. *Id.* at 633, 735 P.2d at 1139. The trial court

denied the defendant's request to excuse the juror for cause, and the defendant exhausted all of his peremptory challenges before the end of jury selection. *Id.* Upon review, this Court, after finding that the juror should have been excused for cause, held that prejudice is presumed when a party is forced to use peremptory challenges on jurors who should have been excused and when the party exhausts all of his or her peremptory challenges before jury selection is completed. *Id.* at 634, 735 P.2d at 1140. Because we do not know why Plaintiff did not use all of her peremptory challenges, we decline to extend the holding in *Fuson* to the facts of this case. *See State v. Isiah*, 109 N.M. 21, 30, 781 P.2d 293, 302 (1989) (stating that *Fuson* is inapplicable to cases where the complaining party has not exhausted all of his or her peremptory challenges).[2]

{13} Nevertheless, we find that Plaintiff failed to show prejudice because any imbalance of peremptory challenges between Plaintiff and the City during part of the jury selection process did not amount to prejudice, and Plaintiff did not indicate which juror she would have challenged or show that the empaneled jury was unfair or partial. We instruct courts, however, that if and when the court reverses a for-cause ruling, the court should ask the party if he or she wishes to use a peremptory challenge retroactively.

**B. Plaintiff was Not Prejudiced by Statements made by Defense Counsel During Closing Argument**

{14} Plaintiff argues that improper statements made by defense counsel during closing argument regarding industry standards were unfairly prejudicial, and that reversal is required. We address this issue because it may arise on remand. We review to determine whether the trial court abused its discretion in overruling Plaintiff's objections to these statements. *See Grammer v. Kohlhaas Tank & Equip. Co.*, 93 N.M. 685, 693, 604 P.2d 823, 831 (Ct.App.1979) (holding that argument by counsel is under trial court's control and appellate court's role is to determine whether trial court abused its discretion).

mine whether trial court abused its discretion).

{15} In her Brief–in–Chief, Plaintiff contends that the standard for improper argument in New Mexico is "somewhat murky," and urges this Court to apply a standard from an Alabama case, *Holt v. State Farm Mut. Auto. Ins. Co.*, 507 So.2d 388, 392 (Ala. 1986), which Plaintiff incorrectly asserts was adopted in *Enriquez v. Cochran*, 1998–NMCA–157, 126 N.M. 196, 967 P.2d 1136. In *Enriquez*, our Court of Appeals cited to *Holt* in its discussion on prejudice caused by the defense attorney's comments on the defendant's ability to pay damages. *Id.*, ¶ 135. The Court did not adopt the standard from *Holt* relating to improper statements made during closing arguments.

{16} We agree with the Court of Appeals that the proper standard in New Mexico is that articulated in *Apodaca*, 78 N.M. at 502, 433 P.2d at 87: " 'Before a judgment is reversed because of argument of counsel two things must appear: the argument must be improper, and it must be such as to satisfy the reviewing court that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case.' " (Quoting *Aultman*, 260 S.W.2d at 599). The burden is on the complaining party to show how the statements caused an improper judgment; in other words, to show prejudice. *Id.*

{17} In the present case, the statements made by defense counsel regarding industry standards were improper, because there was no evidence presented at trial that the standards were created by attorneys or that they were written to avoid lawsuits. *See Grammer*, 93 N.M. at 693, 604 P.2d at 831 (noting that a judgment can be reversed if attorneys "go outside the record when they address the jury"); *State v. Duffy*, 1998–NMSC–014, ¶ 56, 126 N.M. 132, 967 P.2d 807 (stating that closing arguments must be based upon evidence and reasonable inferences presented at trial). However, Plaintiff has not shown how the statements were "reasonably calculated to cause" an improper

---

**2.** Therefore, we also refuse to accept Plaintiff's argument that *Fuson* supports her position.

judgment. Thus, reversal is not required. *Apodaca,* 78 N.M. at 502, 433 P.2d at 87.

■ {18} Plaintiff also argues that defense counsel misstated the law during closing argument, adding to the prejudice. The trial court sustained Plaintiff's objection and instructed counsel to restate the argument, which we find sufficient to cure any potential prejudice. *See In re Crystal L.,* 2002–NMCA–063, ¶ 19, 132 N.M. 349, 48 P.3d 87 (finding no error where objection to improper statement made during closing argument was sustained and no curative instruction was requested).

## C. The Trial Court Erred in Refusing to Give the Requested Jury Instruction

■ {19} "We review jury instructions de novo 'to determine whether they correctly state the law and are supported by the evidence introduced at trial.'" *Chamberland v. Roswell Osteopathic Clinic, Inc.,* 2001–NMCA–045, ¶ 11, 130 N.M. 532, 27 P.3d 1019 (quoting *Gonzales v. N.M. Dep't of Health,* 2000–NMSC–029, ¶ 28, 129 N.M. 586, 11 P.3d 550). Trial courts are required to instruct the jury on the applicable rules of law using the Uniform Jury Instructions, unless the instructions are waived by the parties. Rule 1–051 NMRA; *see also First Nat'l. Bank in Alb. v. Sanchez,* 112 N.M. 317, 322, 815 P.2d 613, 618 (1991) ("Under [Rule] 1–051(D), published uniform jury instructions must be used unless under the facts or circumstances of the particular case they are erroneous or otherwise improper, and the trial court states its reasons for refusing to use them."); *Sutherlin v. Fenenga,* 111 N.M. 767, 810 P.2d 353 (Ct.App.1991) ("Uniform jury instructions are to be given when justified by the facts, and a refusal to give such instructions when accompanied by the slightest prejudice to a party constitutes reversible error."). A party is entitled to instructions on all of his or her correct legal theories of the case if there is evidence in the record to support the theories. *Adams v. United Steelworkers of Am., AFL–CIO,* 97 N.M. 369, 374, 640 P.2d 475, 480 (1982). Failure to submit requested instructions to the jury constitutes reversible error, if the complaining party can show that it was prejudiced by the trial court's refusal

to give the requested instruction. *Id.* Even the "slightest evidence of prejudice" will suffice, and all doubt is resolved in favor of the complaining party. *Id.; Kennedy v. Dexter Consol. Sch.,* 2000–NMSC–025, ¶ 26, 129 N.M. 436, 10 P.3d 115 ("We compel the reversal of errors for which the complaining party provides the slightest evidence of prejudice and resolve all doubt in favor of the complaining party.").

■ {20} Plaintiff argues that the trial court erred in refusing to give the basic slip-and-fall instruction, UJI 13–1318. The court refused the instruction because, according to the court, it was "ambiguous" and "redundant." The court instructed the jury regarding the City's duty using jury instruction UJI 13–1317, which provides: "A city has a duty to use ordinary care to maintain [alleys] in a safe condition." Plaintiff asserts that this instruction is a general instruction regarding the duty of a municipality with respect to its sidewalks and streets regardless of the type of injury, whereas UJI 13–1318 is an instruction specifically intended for slip-and-fall cases; therefore, both instructions should have been given. Plaintiff requested UJI 13–1318 because it includes the element that the City's duty applies whether or not a dangerous condition is obvious, and charges the City with knowledge of any condition that it would have discovered upon reasonable inspection. Plaintiff argues that this instruction is not ambiguous and clearly articulates the duty of the City in this case. We agree.

{21} In *Klopp v. Wackenhut Corp.,* 113 N.M. 153, 157, 824 P.2d 293, 297 (1992), this Court held that an owner or occupier of a premises cannot avoid liability for injuries that are obvious, abolishing the doctrine that landowners incur no liability for hazards that are open and obvious. This rule applies to all landowners, whether private or governmental. *See Lerma by Lerma v. State Highway Dep't of New Mexico,* 117 N.M. 782, 785, 877 P.2d 1085, 1088 (1994) ("The fact that the danger may have been open and obvious would not obviate a duty on the part of the Department to protect the public from the public's own foreseeable negligence."). Therefore, in the present case, the duty of

the City applies whether or not the hazard is obvious.

**{22}** Further, the City's duty applies whether or not the hazard is known to the City. *See Jacobo v. City of Albuquerque,* 2005–NMCA–105, ¶ 14, 138 N.M. 184, 118 P.3d 189 (holding that plaintiff did not have to prove city's knowledge of dangerous condition on sidewalk); *Cardoza v. Town of Silver City,* 96 N.M. 130, 134–35, 628 P.2d 1126, 1130–31 (Ct.App.1981) (finding that town was negligent in failing to install and maintain properly fitting manhole cover, even though it had no actual or constructive notice of defect).[3] Therefore, the City has a duty to use ordinary care to maintain its sidewalks, streets, and alleys in a safe condition, and this duty applies whether or not a dangerous condition is obvious and whether or not the City has notice of any condition of which they would have discovered upon reasonable inspection.

**{23}** This is a slip-and-fall, or trip-and-fall, case and Plaintiff was a visitor. Plaintiff presented the case as such, and the evidence at trial supported this theory. UJI 13–1317 states the general duty of a city to maintain its alleys in a safe condition, but UJI 13–1318 states the specific duty of owners in slip-and-fall cases. *See Brooks v. K–Mart Corp.,* 1998–NMSC–028, ¶ 5, 125 N.M. 537, 964 P.2d 98 ("This Court has approved a uniform jury instruction for use in negligence actions involving a slip and fall.... UJI 13–1318 NMRA 1998."). The Directions for Use for this instruction provide that it "should be used in slip and fall cases involving visitors." Because UJI 13–1317 does not fully state the applicable law in this case, both instructions should have been given.

**{24}** Concluding that it was error for the trial court to refuse Plaintiff's request for UJI 13–1318, we must now determine whether the error was harmless. In *Adams,* 97 N.M. at 374–75, 640 P.2d at 480–81, the plaintiff sued his union, the United Steelworkers of America, for breach of duty of fair representation. At trial, the court instructed the jury that:

> The duty of fair representation is a union's duty to represent all of its members honestly, in good faith, and without hostility or arbitrary discrimination. A breach of that duty may be found only where the union's conduct toward a member working under the union's contract or collective bargaining agreement is arbitrary, discriminatory, or in bad faith.

*Id.* at 374, 640 P.2d at 480. The court refused some of the union's requested jury instructions which correctly stated the applicable law that an employee has no absolute right to have his or her grievance arbitrated and that honest, mistaken conduct by the union cannot be considered arbitrary. In finding that the error prejudiced the union, this Court determined that without the requested instructions the jury might have decided that even if the union made an honest mistake in failing to file the plaintiff's grievance on time, its actions were "arbitrary, discriminatory, or in bad faith." *Id.* We concluded that:

> Without a clear statement that honest but mistaken conduct may not be considered arbitrary, the jury might well have overlooked the [u]nion's most valuable theory. The [u]nion relied heavily on this principle to support its defense and therefore was entitled to an instruction which apprised the jury of its theory of the case.

*Id.* at 375, 640 P.2d at 481.

**{25}** Similarly, in the present case, without an instruction that the City's duty applies whether the hazard is obvious and whether the City has notice, Plaintiff is deprived of an important part of her theory that the City was negligent. Plaintiff is entitled to instructions that not only clearly, but also fully, instruct the jury regarding the applicable law. *See Kirk Co. v. Ashcraft,* 101 N.M. 462, 465, 684 P.2d 1127, 1130 (1984) (finding reversible error because defendant was entitled to have the jury "fully informed on the law"). Without Plaintiff's requested

---

**3.** The City does not dispute that its duty applies whether or not it had notice of the defect. In fact, the City argues that because the Committee Commentary following UJI 13–1317 specifically states that a city's duty applies "irrespective of actual or constructive notice," the jury did not need to be instructed on the issue.

jury instruction specifically stating that the City's duty applies even if the hazard was obvious, the jury might have improperly determined that the City was not negligent because the meter was open and obvious. This is true, especially in light of the fact that evidence was presented at trial that the meter was an obviously dangerous condition. In *Adams,* we also found that "[a]rgument of the principle by the [u]nion's lawyer did not suffice to cure the defect." *Adams,* 97 N.M. at 375, 640 P.2d at 481. In the present case, the fact that Plaintiff's attorney was allowed to argue the additional elements of UJI 13–1318 in closing argument does not eliminate the prejudice. Statements made during closing arguments are not evidence or rules of law, and the jury is free to disregard any statements made by counsel. *See* UJI 13–2007 NMRA. We conclude that it was not harmless error for the trial court to refuse Plaintiff's requested instruction, UJI 13–1318, and we reverse on this issue.

### III. CONCLUSION

{26} We hold that Plaintiff was not prejudiced during jury selection or by defense counsel's closing argument; therefore, we affirm the Court of Appeals on these two issues. However, we hold that the trial court erred by refusing Plaintiff's requested slip-and-fall jury instruction, UJI 13–1318, and reverse the Court of Appeals on this issue and remand for a new trial.

{27} **IT IS SO ORDERED.**

WE CONCUR: EDWARD L. CHÁVEZ, Chief Justice, PATRICIO M. SERNA, Justice, and RICHARD C. BOSSON, Justice, and PAMELA B. MINZNER, Justice (concurring in part and dissenting in part).

BOSSON, Justice (concurring in part and dissenting in part).

{28} I concur with the first two portions of the Court's opinion. I also agree that, having been requested to do so, the trial court should have given the "slip and fall" instruction, UJI 13–1318 NMRA, along with the standard instruction for a city's duty to use ordinary care to maintain its streets and alleys. *See* UJI 13–1317 NMRA. I also agree that UJI 13–1318 would have added two things in Plaintiff's favor: the City's duty of reasonable care whether or not the defect is open and obvious, and the City's duty of reasonable inspection to become aware of unknown risks. Why then, this dissent?

{29} I cannot agree to reverse and remand for a new trial because Plaintiff has not demonstrated that she suffered any prejudice from the lack of these specific instructions. This was not a trial in which the City argued that the raised water meter was so obvious that it had no duty of care. This was not a trial in which the City argued that it had no way of knowing that the raised water meter presented an unreasonable risk of harm. The City argued that the water meter posed no risk at all. The City's primary defense was that Plaintiff never tripped over the water meter, but instead broke her ankle when she had to step from the back of the building into an alley off a large drop because proper stairs had not been installed by the building owner. Apparently the jury was convinced.

{30} In other words, the two key advantages UJI 13–1318 affords a plaintiff over UJI 13–1317 do not appear to have been at issue in this trial. Instead the City argued other points in its defense and ultimately the jury agreed. Thus, it looks like we are providing Plaintiff with a new trial because of trial error which caused her no prejudice. In effect, Plaintiff gets a free pass. Litigants are entitled to fair trials, not perfect trials. Having received a fair trial and lost, Plaintiff is not entitled to more. I think the Court of Appeals got it exactly right and would affirm on this issue as well.

I CONCUR: PAMELA B. MINZNER, Justice.