This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **NO. 29,568**

**ANGELA J. MILLER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Thomas A. Rutledge, District Judge**

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Joel Jacobsen, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant appeals from the district court's judgment and sentence, entered pursuant to a jury trial, by which Defendant was convicted for larceny over $2500. Persuaded that Defendant was denied a fair and impartial jury, but not that insufficient evidence supported its verdict, we issued a notice of proposed summary disposition, proposing to reverse in part and affirm in part. We received responses to our notice from the State and Defendant. With new facts about jury selection provided by the State, we were persuaded that Defendant was not denied a fair trial and remained persuaded that sufficient evidence supported the verdict. We issued a second notice, proposing to affirm. Defendant has filed a second memorandum in opposition to the proposed disposition. We have considered Defendant's response and remain unpersuaded. We affirm.

First, Defendant argues that she was denied a fair trial because she was forced to use peremptory challenges on prospective jurors who should have been excused for cause and because biased jurors served on her jury. [DS 11-12; 2nd MIO 1-5] Second, Defendant challenges the sufficiency of the evidence. [DS 11-12; 2nd MIO 5]

**Jury Selection**

Our first notice proposed to reverse and remand for a new trial on the grounds that the district court abused its discretion by denying Defendant's for cause challenges to two jurors, based on their relationships to the victims, and seating them

2

on the jury. We had concerns about the following two seated jurors: Ken Ingram and Rolando Chavarria. In response to our notice, the State argued that those two jurors had lesser relationships with the victims than was represented by Defendant's docketing statement [State's MIO 2-3]. It also informed this Court that Defendant could have and did not exercise her peremptory challenges to excuse those jurors and that she had at least one peremptory challenge left unexercised at the end of the jury selection process [Id. 3-13; RP 82-83].

Our second notice stated that the case law upon which our first notice relied did not apply to the relationships between the jurors and victims described by the State because it no longer appeared that (1) Mr. Chavarria had an actual, continuing, personal or business relationship that created partiality or that (2) Mr. Ingram had a long-standing personal relationship with the victims that demanded excusal. *See Mares v. State*, 83 N.M. 225, 226, 490 P.2d 667, 668 (1971) (observing that a juror's mere acquaintance with a witness is insufficient to establish partiality, but noting that an actual relationship such as holding a charge account with the plaintiff corporation and being an opposing party in garnishment proceedings is sufficient for juror partiality).

As we have stated, "the trial court is in the best position to assess a juror's state of mind, by taking into consideration the juror's demeanor and credibility. It is within

the trial court's discretion as to whether a prospective juror should be excused." *State v. Fry*, 2006-NMSC-001, ¶ 10, 138 N.M. 700, 126 P.3d 516 (filed 2005) (internal quotation marks and citation omitted). "We will not disturb the trial court's decision absent a clear abuse of discretion or a manifest error." *Id.* (internal quotation marks and citation omitted).

We explained that although it may have been more prudent for the district court to have excused these jurors, we could not say that Defendant clearly demonstrated an abuse of discretion in the district court's refusing to strike them for cause. *See id.* In response, Defendant does not assert any additional facts or contradict our understanding of the facts. [2nd MIO 2-3] As a result, we are not persuaded that Defendant has established the proper showing on appeal indicating that he was denied an impartial jury.

Furthermore, Defendant did not exercise all of her peremptory challenges in jury selection, and a defendant's ability to demonstrate prejudice or error surrounding jury selection is diminished when the defendant has not exercised all of his or her peremptory challenges. *See Fuson v. State*, 105 N.M. 632, 634, 735 P.2d 1138, 1140 (1987) ("We hold that prejudice is presumed where, as here, a party is compelled to use peremptory challenges on persons who should be excused for cause and that party exercises all of his or her peremptory challenges before the court completes the

4

venire."); *see also Benavidez v. City of Gallup*, 2007-NMSC-026, ¶ 12, 141 N.M. 808, 161 P.3d 853 (declining to extend the presumption of prejudice in *Fuson* when the party had a remaining peremptory challenge unexercised and the Court did not know why it was unused); *State v. Isiah*, 109 N.M. 21, 30, 781 P.2d 293, 302 (1989) (holding that when the defendant did not exercise all of his peremptory challenges, "he cannot claim prejudice for failure to dismiss prospective jurors"), *overruled on other grounds by State v. Lucero*, 116 N.M. 450, 453-54, 863 P.2d 1071, 1074-75 (1993) .

As our second notice recounted, Defendant's docketing statement represented that she exercised all of her peremptory challenges [DS 7-8, 11-12] while the State's response pointed out that Rule 5-606(D)(1)(C) NMRA requires the defense to have five peremptory challenges, the record reflects Defendant exercised only three, and additional information provides an additional challenge not reflected in the record. [RP 82-83; State's MIO 1, 3, 6]. We will accept factual representations in the docketing statement as true, unless the record on appeal indicates otherwise. *See State v. Calanche*, 91 N.M. 390, 392, 574 P.2d 1018, 1020 (Ct. App. 1978). The record suggests that Defendant had two unused peremptory challenges when the court completed the venire, and Defendant has not contradicted the State's claim or explained why the peremptory challenges were left unexercised. Under these

5

circumstances, we do not presume Defendant was prejudiced in the use of her peremptory strikes, and Defendant cannot claim she was prejudiced by the court's failure to excuse the jurors or even claim trial court error in the jurors seated. *See Benavidez*, 2007-NMSC-026, ¶ 12; *Isiah*, 109 N.M. at 30, 781 P.2d at 302; *Fuson*, 105 N.M. at 634, 735 P.2d at 1140. As a result, we reject Defendant's contention that she had a partial jury or that she was improperly required to use peremptory challenges for the jurors about whom she complains on appeal.

**Sufficiency of the Evidence**

Defendant challenges the sufficiency of the evidence to support her conviction for felony larceny. [DS 11-12; 1st MIO 1-5] Our first notice recited the evidence on which the jury could reasonably rely to find that the bag in Defendant's possession was the bag containing the deposits that Mr. Foster placed in the safe and that the same bag was placed on the counter top, opened, the money counted, and then given to police. We explained that from Defendant's attempts to leave with the bag, evade police involvement, and flee the store, the jury could infer that there was a valuable amount of money in the bag and that Defendant intended to deprive the owner of the money permanently. We noted that our courts have consistently recognized that evidence of flight tends to show consciousness of guilt. *See, e.g.*, *State v. Jacobs*, 2000-NMSC-026, ¶ 15, 129 N.M. 448, 10 P.3d 127.

In response to our notice, Defendant argued that the witnesses who either observed the bag or handled it assumed, without knowing, that it was the same bag of money taken from Defendant. [1st MIO 2-3] Defendant contended that, because the bag was not conclusively identified as the bag Defendant had in her possession, the value of its contents was not established beyond a reasonable doubt. [Id. at 3] To support her claim that there was insufficient evidence, Defendant argued that the reviewing court must determine whether it can logically and fairly exclude all reasonable doubt of innocence of the crime charged under the facts. [Id. at 5]

We pointed out that Defendant did not represent, however, that there was evidence that any other similar or identical bags of money were scattered in the store at that time to prevent a rational juror from finding this element of the crime. We explained that, regardless, we do not reweigh the evidence or "substitute [our] judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789. We "view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. Then, "we make a legal determination of whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime

7

charged has been established beyond a reasonable doubt." *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994) (internal quotation marks and citation omitted). The question for us is whether the district court's "decision is supported by substantial evidence, not whether the court could have reached a different conclusion." *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318. "[S]ubstantial evidence [is] such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (internal quotation marks and citation omitted).

We emphasized that it is the jury's responsibility to resolve any conflicts in the evidence and that we view the evidence in the light most favorable to the jury's verdict. *See Cunningham*, 2000-NMSC-009, ¶ 26. Defendant's arguments would have us resolving conflicts in the evidence in a manner opposite to the jury's verdict. The evidence, indicating that the bag of money was viewed in Defendant's possession, given to police, turned over to Ms. Foster, and placed on a counter top where its contents were counted, is adequate to support the verdict in the reasonable mind of a juror.

Defendant's response to our second notice does not add any new factual or legal argument. We hold that sufficient evidence supports Defendant's conviction.

**Conclusion**

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Judge**

_____
**ROBERT E. ROBLES, Judge**

9