This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41572**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**SAMUEL SANCHEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Efren A. Cortez, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Michael J. Thomas, Assistant Solicitor General
Albuquerque, NM

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Defendant Samuel Sanchez appeals the district court's order revoking his probation and committing him to the Department of Corrections for the remaining balance of his original sentence. Defendant argues that the order violates his substantive due process rights because the district court relied on (1) allegedly inaccurate or misleading statements made by the State and (2) hearsay from a nontestifying witness. We affirm.

### DISCUSSION

**I.       State's Comments**

**{2}**     Defendant first asserts that the State, during its rebuttal closing argument, inaccurately characterized the nature of the case leading up to the revocation hearing, which was presided over by a judge newly assigned to the case. Defendant continues by arguing that the district court relied on these purportedly inaccurate statements and did not let Defendant interject to clarify them, violating his due process right to be sentenced based on accurate information. Defendant further contends that the district court's refusal to let him speak violated his due process right to allocution, which generally means the right to be given an opportunity to speak on one's own behalf before a criminal punishment is imposed. *See Allocution, Black's Law Dictionary* (12th ed. 2024) (defining "allocution" as "[a] trial judge's formal address to a convicted defendant, asking whether the defendant wishes to make a statement or to present information in mitigation of the sentence to be imposed"); *see also State v. Williams*, 2021-NMCA-021, ¶¶ 8, 13, 489 P.3d 949 (holding that the right of allocution applies in probation revocation hearings, and if a sentencing court does not advise a defendant of their right to speak, the right is violated).

**{3}**     Defendant concedes that he did not object when the State made the comments he now challenges. He nonetheless claims that preservation is not required because the district court prohibited him from interjecting to clarify the State's assertions, thereby violating his right to allocution. *See id.* ¶¶ 13-14. Defendant asserts that the district court's actions, therefore, violated his "substantial rights" and that our review should be de novo. As we explain, Defendant's allocution right was not violated, and because he failed to object to the comments of which he now complains, our review is for fundamental error.[1] *See State v. Sosa*, 2009-NMSC-056, ¶ 26, 147 N.M. 351, 223 P.3d 348 ("Where counsel fails to object [to error in closing argument], the appellate court is limited to a fundamental error review.").

**{4}**     The record supports neither Defendant's characterization of the State's comments nor his assertion that he was denied an opportunity to speak. The district court, after having determined that Defendant violated the terms of his probation and expressly stating so on the record, allowed both the State and Defendant to present argument. Indeed, after Defendant's attorney finished her closing argument—without interruption—the district court let Defendant's mother and another family member speak on his behalf.

**{5}**     Finally, the district court directly asked Defendant if he had anything he wished to tell the court before a sentence was imposed. Defendant availed himself of the opportunity to address the district court, and did so for some six minutes without

_____

[1]Defendant argues that, if not de novo, our review should be for plain error. Defendant is incorrect. "Plain error . . . applies only to evidentiary matters." *State v. Lucero*, 1993-NMSC-064, ¶ 13, 116 N.M. 450, 863 P.2d 1071. Rather, "[w]here counsel fails to object [to error in closing argument], the appellate court is limited to a fundamental error review." *State v. Sosa*, 2009-NMSC-056, ¶ 26, 147 N.M. 351, 223 P.3d 348. "Statements made during closing arguments are not evidence." *Benavidez v. City of Gallup*, 2007-NMSC-026, ¶ 25, 141 N.M. 808, 161 P.3d 853; see UJI 13-2007 NMRA (explaining that although a jury may give weight to counsel's closing arguments, such are not to be considered as evidence).

interruption. While the State's comments that Defendant is now challenging came after Defendant's statement, Defendant's assertion that he was deprived of an opportunity to speak is flatly contradicted by the record before us. Thus, Defendant was not denied his due process right to allocution, and we consider the remainder of his argument to be that the State made improper comments during its rebuttal closing statement. As we stated above, due to Defendant's failure to object to such comments, our review is for fundamental error. *See Sosa*, 2009-NMSC-056, ¶ 26.

**{6}** Here again, the record does not support Defendant's argument. As we explain, the four statements Defendant challenges were not misleading or materially incorrect. First, Defendant points to the State's claim that Defendant "left" the recovery facility he was ordered to attend after his first probation violation. Defendant expressly concedes, however, that Defendant did leave that facility prematurely and thereafter had to turn himself in to authorities. Based on Defendant's own argument, as well as our review of the record, we fail to see how this statement is false, misleading, or constitutes error. Second, Defendant seemingly takes issue with the State's comment that, after Defendant's second probation violation, "his attorney eventually filed a motion" to amend Defendant's conditions of release, requesting that he did not have to attend another inpatient treatment program. However, Defendant's attorney at the time did make such a motion, albeit orally, and the district court granted it. As with Defendant's first claimed point of error, we cannot see how the State's characterization on this point is inaccurate, misleading, or erroneous.

**{7}** The final two statements Defendant contests relate to the State's assertions that defense counsel "put in an extreme amount of effort" to get Defendant into treatment programs, yet Defendant "did not attend them." As to the first part of the statement, Defendant contends that his counsel "put in a lot of effort," but not an "enormous" amount, and that the State's assertion overlooks the fact that it was Defendant who did most of the work to find a suitable program. We fail to see, and Defendant does not explain, how Defendant's characterization of his counsel's effort, being "a lot," is materially different from the State's assertions. As such, Defendant has not demonstrated error as to this comment. *See State v. Bryant*, 2023-NMCA-016, ¶ 38, 525 P.3d 367 ("We will not review unclear arguments, or guess at what a party's arguments might be." (internal quotation marks and citation omitted)).

**{8}** As to the State's comment that Defendant "did not attend" the referenced treatment programs, Defendant concedes, as we already noted, that he prematurely left one program in violation of his probation, and was removed from another early, which resulted in the instant probation revocation. To the extent that the State's comments indicated that Defendant refused to attend any programs, we conclude the district court did not improperly rely on this assertion given that it had just presided over a hearing in which it was established that Defendant briefly attended, but did not complete, an inpatient program. Moreover, based on the record before us, this comment was sufficiently supported by the record and was within the realm of permissible argument during a closing statement. *See State v. Smith*, 2001-NMSC-004, ¶ 38, 130 N.M. 117, 19 P.3d 254 ("During closing argument, both the prosecution and defense are permitted

wide latitude."). We, therefore, conclude no fundamental error exists in either the State's comments or the district court's reliance on them, however minimal.

## II.      Due Process Right to Confront Witnesses

**{9}**      We next turn to Defendant's argument that certain testimony of a probation officer, Vanessa Troncoso, violated the prohibition on hearsay and Defendant's due process right to confront witnesses against him. *See State v. Guthrie*, 2011-NMSC-014, ¶ 10, 150 N.M. 84, 257 P.3d 904 ("The right protected in probation revocations is not the sixth amendment right to confrontation, guaranteed every accused in a criminal trial, but rather the more generally worded right to due process of law secured by the [F]ourteenth [A]mendment."). Whether a defendant's due process right to confront witnesses at a revocation hearing has been violated is a question we review de novo. *State v. Castillo*, 2012-NMCA-116, ¶ 9, 290 P.3d 727.

**{10}**      On appeal, Defendant challenges Troncoso's testimony in which she stated that Defendant was expelled from an inpatient treatment program he was ordered to complete and related the reasons why, which she learned in a phone call with a program employee. This argument, however, addresses only one of three bases for the district court's order revoking his probation. The district court expressly found that Defendant violated his probation in the following ways: (1) Defendant did not complete the above-mentioned inpatient treatment program as required by his conditions of release; (2) he tested positive for methamphetamines, amphetamines, and THC after failing to complete the program; and (3) Defendant failed to report to his probation officer as ordered. Defendant does not challenge either the second or third basis for the district court's determination, even conceding in briefing to this Court, "it appears there were other grounds [beyond the failure to complete the treatment program] for finding a revocation." Absent such argument, and even assuming without deciding that Defendant did have a due process right to confront witnesses from the treatment program, he has not demonstrated that the district court improperly revoked his probation. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that we presume correctness in the trial court's rulings and the burden is on the appellant to demonstrate trial court error); *State v. Leon*, 2013-NMCA-011, ¶ 37, 292 P.3d 493 ("[I]f there is sufficient evidence to support just one [probation] violation, we will find the district court's order was proper.").

## CONCLUSION

**{11}**      We affirm.

**{12}      IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Chief Judge**

**KRISTINA BOGARDUS, Judge**