This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                **NO. 30,225**

**RICARDO RODRIGUEZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
B. Douglas Wood, III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

Defendant argues that the district court erred in not granting a mistrial after voir dire. We issued a calendar notice proposing to summarily affirm Defendant's conviction. Defendant filed a timely memorandum in opposition and a motion to

amend the docketing statement with an additional issue, which was that the district court erred in admitting hearsay testimony. After due consideration, we deny the motion to amend and affirm Defendant's conviction.

**DISCUSSION**

**Mistrial**

Defendant raised one issue in his docketing statement. Defendant argued that the district court erred in not granting a mistrial after voir dire. [DS 9] Defendant raised this issue pursuant to *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), and stated that he was not aware of any authority to support his position. [DS 10]

Defendant was charged with aggravated driving while under the influence (DWI) and child abuse. [RP 14-15] According to the docketing statement, defense counsel's strategy was to concede that there was overwhelming evidence of DWI, but argue that mere driving under the influence with a child in the vehicle does not in itself constitute reckless endangerment of a child. [DS 6] Defendant claims that during voir dire, defense counsel asked the prospective jurors if they could be fair and impartial when considering evidence of reckless endangerment if they knew that the evidence was overwhelming that Defendant was driving while under the influence. [DS 7; MIO 2-3] According to defense counsel, about half the jury pool raised their hands, but the district court told the jury pool to ignore defense counsel's question. [DS 7; MIO 3] During jury selection in chambers, defense counsel moved for a mistrial. [MIO 3] The district court denied the motion and stated that it found the

question improper, and that if it permitted the question, there would not be enough panelists to serve on the jury. [MIO 3]

On appeal, Defendant contends that the district court erred in not granting the mistrial. [DS 9; MIO 5-13]  The trial court's ruling on a motion for a mistrial is addressed to the sound discretion of the trial court and will not be disturbed absent a showing of abuse of discretion. *See State v. McDonald*, 1998-NMSC-034, ¶ 26, 126 N.M. 44, 966 P.2d 752; *see also State v. Fry*, 2006-NMSC-001, ¶ 52, 138 N.M. 700, 126 P.3d 516 (filed 2005).

Our calendar notice proposed to summarily affirm primarily because we were not persuaded that Defendant demonstrated that he was prejudiced by the district court's statement to the jurors.  In the docketing statement, Defendant contended that the court "torpedoed" the defense by telling the prospective jurors to disregard defense counsel's question. [DS 8] We understood Defendant to argue that the entire jury pool was tainted by the district court's statement.  However, we were not persuaded that Defendant demonstrated that prejudice. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562,  915 P.2d 318. ("An assertion of prejudice is not a showing of prejudice.").

In response, Defendant first argues that the district court abused its discretion in not allowing defense counsel sufficient latitude to probe potential jurors for bias with respect to their ability to consider the charges separately. [MIO 5-11] We are not persuaded.

We acknowledge that counsel generally should be allowed considerable latitude in questioning prospective jurors in order to assure the selection of an impartial jury. *See State v. Allen*, 2000-NMSC-002, ¶ 83, 128 N.M. 482, 994 P.2d 728 (filed 1999). However, "courts are given broad discretion in limiting the scope of questioning during voir dire." *State v. Sosa*, 1997-NMSC-032, ¶ 14, 123 N.M. 564, 943 P.2d 1017. Courts are not required to allow every question defense counsel wishes to ask. *Id.* "If the questions allowed are sufficient to probe juror bias on a specific issue, the court's refusal to allow additional . . . questions does not amount to an abuse of discretion." *Id.*

We do not believe that the district court abused its discretion in finding that defense counsel's question was improper. Rather than ask general, hypothetical questions about the prospective jurors' feelings about DWI or if they could consider charges separately if Defendant was guilty of one, defense counsel informed the prospective jurors that the evidence was overwhelming that Defendant was driving under the influence and then asked the potential jurors if they could be fair and impartial jurors when it came to deciding whether Defendant committed child abuse. [MIO 2-3] We do not think the district court erred if it thought the question was improper because it required the jurors to consider how they would respond to the specific facts in Defendant's case. *See id.* ¶ 15. Although Defendant appears to be arguing that defense counsel wanted to see if the prospective jurors would be able to consider the child abuse charge separately, the facts concerning Defendant's DWI were highly relevant to the child abuse charge. As phrased by defense counsel, the

4

question was not designed to expose potential bias, but to ask the potential jurors to decide the facts of the case, and to do so under facts highly unfavorable to Defendant. Under these circumstances, we are not persuaded that the district court's statement to the prospective jurors to disregard defense counsel's question was unjustified.

Because the question was not proper, we also are not persuaded that the district court erred in not excusing the potential jurors who raised their hands in response to defense counsel's question. Although Defendant portrays the court's statement that it would not have enough jurors left as elevating efficiency over fairness, we believe that the district court's statement simply recognized why it could not allow the improper question.

We further are not persuaded that the district court's statement prevented Defendant from conducting sufficient voir dire. Although Defendant claims that by striking his question the district court made it impossible to know the nature and extent of the bias held by the potential jurors, [MIO 8] we disagree. There is no indication that the district court unduly restricted defense counsel from asking more appropriate questions that did not require the prospective jurors to consider the specific facts of the case. Moreover, the district court told the jurors that they should apply the law as stated in the instructions to the facts of the case and that their verdict should not be influenced by prejudice. *See Sosa*, 1997-NMSC-032, ¶ 15 (recognizing that "jurors' assurances that they are able to set aside their biases in order to reach a verdict on the basis of the court's instruction on the law and the facts presented at trial are relevant to the sufficiency of voir dire"). Thus, to the extent Defendant now

5

argues that his question concerned the prospective jurors' ability to consider the charges separately if Defendant was guilty of one, we believe the jurors' assurances adequately addressed this concern.

Moreover, as discussed in our calendar notice, even if there was a clear abuse of discretion by the district court in the conduct of voir dire, we will reverse only if it resulted in prejudice to Defendant. To prevail on his claim, Defendant bears the burden of demonstrating that the jury was not fair and impartial and must show that the selected jurors were biased or prejudiced. *See State v. Gallegos*, 2009-NMSC-017, ¶ 22, 146 N.M. 88, 206 P.3d 993. Our calendar notice noted that the docketing statement pointed to no evidence to establish that the district court's statement compromised the selected jurors' ability to be fair and impartial. To the contrary, the record indicates that the district court asked the prospective jurors several times if they could be fair and told them that they would have to follow the jury instructions. [RP 92-96] In instructing the jury, the district court told the jurors that they should apply the law as stated in the instructions to the facts of the case and that their verdict should not be influenced by prejudice. [RP 120] Under these circumstances, we presume the jurors followed the court's instructions. *See State v. Gardner*, 2003-NMCA-107, ¶ 12, 134 N.M. 294, 76 P.3d 47 (relying on the presumption that the jury followed the court's instructions after the defendant was unable to present any evidence of juror bias). Thus, we are not persuaded that Defendant demonstrated prejudice.

In addition, our calendar notice noted that it was unlikely that the district court's statement tainted the jury based on the tape log of the jury selection process. After

denying the motion for mistrial, the district court removed several jurors for cause. [RP 90] We noted that Defendant raised no objections to the removal of the jurors and only asked the district court to remove one juror for cause based on the response to defense counsel's question. [RP 90] When defense counsel asked the potential jurors if they could be fair and impartial in considering whether Defendant committed child abuse knowing that there was overwhelming evidence that he committed DWI, Juror 8 said no. [RP 95] Even if we assumed that the district court abused its discretion in not removing Juror 8 for cause, we were not persuaded that Defendant had shown that he was prejudiced by the district court's failure to remove the juror. The record indicates that Defendant only used four peremptory challenges. [RP 109-10] Defendant did not argue in the docketing statement that he was compelled to use his peremptory challenges on persons who should be excused for cause or that he exercised all of his peremptory challenges before the court completed venire. *See Benavidez v. City of Gallup*, 2007-NMSC-026, ¶¶ 8-13, 141 N.M. 808, 161 P.3d 853 (holding that a plaintiff was not prejudiced during jury selection when a trial court erred in refusing to excuse a juror for cause who stated he might not be impartial, but the plaintiff did not use all of her peremptory challenges). Under these circumstances, we proposed to hold that Defendant had not demonstrated prejudice during jury selection. We therefore proposed to hold that the district court did not abuse its discretion in denying the motion for a mistrial.

In response, Defendant argues that because he was not given a meaningful opportunity to voir dire on the specific issue of bias between the two charges, he did

7

not have a meaningful opportunity to recognize how his peremptory challenges might be employed. [MIO 8-9] For reasons already stated, we disagree. We are not persuaded that the district court restrained defense counsel from asking appropriate questions to expose potential bias during voir dire. In addition, the district court informed the jurors that they should follow the jury instructions and that they should not be influenced by prejudice. Also, there is no indication that defense counsel used all of its peremptory challenges to remove jurors who raised their hands or that any of those jurors remained on the panel. Under these circumstances, we are persuaded that the district court's queries into the jurors' ability to follow the law and consider the charges separately were adequate. As there is no indication that the empaneled jurors were not able to follow the law, Defendant has not met his burden of demonstrating prejudice.

We address one final point raised by Defendant. Defendant continues to argue that the district court should have granted the mistrial because it knew that Defendant intended to ask the question but then told the prospective jurors to disregard it. [MIO 12-13] Defendant claims that defense counsel would not have admitted the strength of the evidence against him on DWI if he had known that the district court would not allow his question during voir dire. [Id.]

We reject this argument. Defense counsel's decision to admit that the evidence was overwhelming against Defendant was a matter of strategy announced before voir dire. While the district court was made aware of defense counsel's strategy, the district court still had discretion to limit the scope of defense counsel's questioning

8

during voir dire. Here, the district court found that defense counsel's question was improper. We see no abuse of discretion in that ruling. Moreover, as Defendant has not met his burden of demonstrating prejudice, we hold that the district court did not abuse its discretion in denying the motion for a mistrial.

**Motion to Amend**

Defendant seeks to add an additional issue, which is that the district court erred in allowing the officer to testify through hearsay about the age of the child in the vehicle. [MIO 5] Defendant contends that Defendant was prejudiced and was denied his constitutional rights under the confrontation clause. [MIO 13-15] Defendant claims that defense counsel preserved this argument by objecting at trial to the State's attempt to introduce evidence about the passenger's age. [Id. 4-5]

In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 100 N.M. 193, 197, 668 P.2d 309, 313 (Ct. App. 1983). This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

9

Here, we deny the motion to amend because the issue is not viable. First, we note that Defendant claims that this issue was preserved based on defense counsel's objections. However, Defendant's motion does not state whether defense counsel objected to the testimony on confrontation clause grounds. *State v. Dietrich*, 2009-NMCA-031, ¶ 51, 145 N.M. 733, 204 P.3d 748 (providing that preserved issues pursuant to *Crawford v. Washington*, 541 U.S. 36 (2004), are analyzed under a harmless error standard and un-preserved *Crawford* issues are reviewed for fundamental error only).

We also question Defendant's assertion that the information about the passenger's age was testimonial. [MIO 14]

> Statements are non-testimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

*State v. Romero*, 2007-NMSC-013, ¶ 7, 141 N.M. 403, 156 P.3d 694 (emphasis omitted) (internal quotation marks and citation omitted). Here, Defendant's memorandum indicates that he learned the passenger's age when he contacted family members to give the passenger a ride from the scene. [MIO 14] Thus, we are not persuaded that the objective circumstances indicate that the primary purpose of the inquiry was to establish the child's age for the purposes of furthering the prosecution of Defendant for child abuse.

Moreover, even if we assume that Defendant preserved the confrontation clause argument and that the statement was testimonial, we reject Defendant's assertion that the officer's hearsay testimony was the only evidence that the passenger was a minor. [MIO 14] The officer testified that he saw a child in the car. [MIO 14-15] Thus, even though no other evidence was admitted as to the child's specific age, the jury could find from the officer's testimony that the passenger was a minor. Under these circumstances, any error with respect to the hearsay testimony was harmless and did not amount to fundamental error. We therefore reject this issue as not viable.

**CONCLUSION**

We deny the motion to amend the docketing statement. We also reject Defendant's argument that the district court abused its discretion in denying the motion for a mistrial. We affirm.

11

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**JAMES J. WECHSLER, Judge**