This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**EUGENIO BANOS,**

Plaintiff-Appellant,

v.                                                            **NO. 29,795**

**STATE OF NEW MEXICO,**
**NEW MEXICO STATE POLICE,**
**DIEGO HERRERA, individually and in**
**his official capacity as an officer for the**
**NEW MEXICO STATE POLICE**
**DEPARTMENT,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Jerald A. Valentine, District Judge**

Wayne R. Suggett
Albuquerque, NM

for Appellant

Sandenaw Law Firm, P.C.
T.A. Sandenaw, Jr.
Cody R. Rogers
Las Cruces, NM

for Appellees

**MEMORANDUM OPINION**

**FRY, Judge.**

Plaintiff Eugenio Banos was arrested and charged with driving under the influence of intoxicating liquor or drugs (DUI) and a lane violation following a traffic stop initiated by Officer Diego Herrera. After Plaintiff's criminal case was dismissed with prejudice by the magistrate court, Plaintiff filed the present civil action against the New Mexico State Police Department and Officer Herrera (Defendants). Plaintiff asserted that Defendants were responsible for his wrongful arrest and fifty-two-day incarceration because they had initiated criminal proceedings against him without probable cause. The district court entered judgment as a matter of law for Defendants on Plaintiff's federal civil rights claims, and the jury reached a special verdict in favor of Defendants on Plaintiff's state claims.

Plaintiff appeals, arguing that the district court: (1) erroneously admitted evidence at trial of Plaintiff's statement he had ingested an unknown white pill, (2) erred in the probable cause determination on Plaintiff's state claims, (3) improperly entered judgment as a matter of law on Plaintiff's federal civil rights claims, and (4) failed to grant a mistrial following improper comments made by defense counsel during closing argument. We affirm.

# BACKGROUND

Although the parties dispute certain factual details, the following sequence of events emerged from the testimony and evidence presented at trial regarding the traffic stop, Plaintiff's arrest, and the subsequent criminal proceedings that ultimately led to the civil action at issue in this appeal.

In the late evening hours of March 6, 2004, Officer Herrera initiated a traffic stop of Plaintiff's vehicle after observing the vehicle cross over the center line of a state highway three times. Upon approaching the vehicle and making contact with Plaintiff, Officer Herrera testified that Plaintiff exhibited what he considered to be signs of impairment. Officer Herrera asked Plaintiff to get out of his vehicle, and he proceeded to administer a number of field sobriety tests. During one of these tests, Officer Herrera testified that he observed a white powdery substance in Plaintiff's nose. The parties dispute whether Plaintiff failed the field sobriety tests. In any event, after the field sobriety tests were administered, Officer Herrera placed Plaintiff under arrest.

Plaintiff was then transported to the police station where he submitted to a breath test, the result of which was a 0.00 blood-alcohol content (BAC). Officer Herrera testified that he then called another officer to perform a drug recognition evaluation (DRE), and that he was informed by the evaluating officer that the results

of this evaluation were inconclusive. The parties also disagree as to the results of the DRE report, and we note that the DRE report included a "final" opinion by the evaluating officer that Plaintiff was "not exhibiting any symptom of drug intoxication." While at the police station, Plaintiff informed Officer Herrera and the DRE officer that he had ingested an unknown white pill obtained from Mexico. Plaintiff was also transported to a hospital for a blood test. Although not available immediately, the blood test results did not show any evidence of drug intoxication.

After the above tests were concluded, Plaintiff was booked into jail and Officer Herrera filed a criminal complaint in magistrate court. The criminal complaint charged Plaintiff with driving under the influence of intoxicating liquor or drugs, contrary to NMSA 1978, Section 66-8-102 (2004) (amended 2010), and failure to maintain a traffic lane, contrary to NMSA 1978, Section 66-7-317 (1978). Plaintiff was arraigned on March 9, 2004, and the magistrate court set a secured bond of $500. On March 18, 2004, the public defender's office entered its appearance on behalf of Plaintiff and requested a hearing to review conditions of release. On March 29, 2004, a private defense attorney entered his appearance on behalf of Plaintiff and filed discovery motions. Shortly thereafter, Plaintiff's counsel filed a motion to dismiss the case on the basis of the breath test, DRE evaluation, and the blood test results. At the hearing to review conditions of release on April 13, 2004, the magistrate court again

4

set a secured bond for $500. At that time, the court also sent to Officer Herrera and Plaintiff's counsel a notice of the hearing on Plaintiff's motion to dismiss. At this hearing on April 27, 2004, the magistrate court dismissed the criminal complaint with prejudice. The notice of dismissal included a handwritten notation by the judge that Officer Herrera had failed to appear at the hearing. Plaintiff was incarcerated for a period of approximately fifty-two days from the date of his arrest until the case was dismissed.

As a result of the above events, Plaintiff filed this civil action against Defendants, bringing claims under 42 U.S.C. §§ 1983, 1985(3) (2006) and the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 to -27 (1976, as amended through 2009). Plaintiff alleged that Defendants were responsible for his wrongful arrest and fifty-two-day incarceration because they had initiated criminal proceedings against Plaintiff without probable cause. The case proceeded to a jury trial and, after Plaintiff rested his case, Defendants moved for judgment as a matter of law on Plaintiff's federal civil rights claims pursuant to Rule 1-050 NMRA. The district court granted the motion and entered judgment in favor of Defendants on all of Plaintiff's § 1983 claims. Plaintiff's remaining state claims for false arrest, false imprisonment, and malicious abuse of process[1] proceeded to the jury. The jury returned a special verdict

---

[1]Although Plaintiff at times refers to his state claim as one for malicious prosecution, we construe this claim as one for malicious abuse of process. *See*

in favor of Defendants on these claims, finding that "[Officer] Herrera did not unlawful[ly] arrest, unlawfully imprison or maliciously prosecute Plaintiff . . . in violation of the New Mexico Tort Claims Act." This appeal followed.

**DISCUSSION**

Plaintiff raises four issues on appeal. First, he argues that the district court improperly admitted evidence regarding the white pill from Mexico. Second, he argues that there was no probable cause to support the criminal complaint. Third, he asserts that the district court erroneously entered judgment as a matter of law on Plaintiff's federal civil rights claims. Finally, he argues that the jury verdict should be reversed on the basis of improper closing arguments by defense counsel. We address each issue in turn.

**I.    Admission of White Pill**

While at the police station following his arrest, Plaintiff told Officer Herrera and the DRE evaluating officer that he had ingested an unknown white pill from Mexico. Officer Herrera did not include these statements in the criminal complaint. Plaintiff filed a pre-trial motion in limine to exclude any reference to the white pill at trial on the ground that Defendants could not rely on evidence omitted from the

*DeVaney v. Thriftway Mktg. Corp.*, 1998-NMSC-001, ¶ 12, 124 N.M. 512, 953 P.2d 277 (merging the torts of abuse of process and malicious prosecution to create the new tort of malicious abuse of process), *overruled on other grounds by Durham v. Guest*, 2009-NMSC-007, 145 N.M. 694, 204 P.3d 19.

complaint in order to establish probable cause for the criminal proceedings against Plaintiff. The district court initially granted the motion. However, after Plaintiff's opening statement at trial, the district court reversed its initial ruling and held that the evidence was now admissible because Plaintiff had opened the door to the admission of the white pill during his opening statement. On appeal, Plaintiff maintains that this ruling was erroneous.

**A.    Standard of Review**

"With respect to the admission or exclusion of evidence, we generally apply an abuse of discretion standard where the application of an evidentiary rule involves an exercise of discretion or judgment, but we apply a de novo standard to review any interpretations of law underlying the evidentiary ruling." *Dewitt v. Rent-A-Center, Inc.*, 2009-NMSC-032, ¶ 13, 146 N.M. 453, 212 P.3d 341. In this case, to the extent that Plaintiff maintains that the district court improperly interpreted federal law regarding the admission of evidence not included in a criminal complaint, we will apply de novo review. However, to the extent that the parties also appear to contend that the district court admitted the evidence on relevancy grounds, we will apply an abuse of discretion standard. *Griffin v. Guadalupe Med. Ctr., Inc.*, 1997-NMCA-012, ¶ 14, 123 N.M. 60, 933 P.2d 859 ("The determination of relevancy, as well as

materiality, rests largely within the discretion of the trial court."); *see McNeill v. Burlington Res. Oil & Gas Co.*, 2008-NMSC-022, ¶ 14, 143 N.M. 740, 182 P.3d 121.

**B.      Plaintiff Adequately Preserved this Issue for Appeal**

As a preliminary matter, Defendants argue that Plaintiff failed to preserve this argument for appeal.  Defendants contend that once the district court reversed its initial ruling on Plaintiff's motion in limine, Plaintiff should have objected to that ruling and later to the admission of any evidence regarding the white pill at trial in order to preserve the argument for appeal.  Defendants also maintain that Plaintiff has waived any objection to the admission of this evidence because Plaintiff's counsel elicited trial testimony regarding the white pill during his case-in-chief, thereby signaling his agreement with the district court's decision to allow the evidence.

We conclude that Plaintiff adequately apprised the district court of the argument he now makes on appeal and that the district court entered a ruling based on the arguments presented by both parties. *Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct. App. 1987) ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court.").  Our review of the record indicates that before and after Plaintiff's opening statement, Defendants asked the district court to reconsider its initial ruling granting Plaintiff's motion in limine.  At both intervals, the

8

parties were given an opportunity to apprise the court of their respective positions, and Plaintiff specifically made the same argument that he now makes on appeal to the effect that any reference to the white pill should be excluded because Officer Herrera did not mention the white pill in the criminal complaint.

We conclude that the purposes behind our preservation rule were met. *See Kilgore v. Fuji Heavy Indus. Ltd.*, 2009-NMCA-078, ¶ 50, 146 N.M. 698, 213 P.3d 1127 ("The primary purposes for the preservation rule are: (1) to specifically alert the district court to a claim of error so that any mistake can be corrected at that time, (2) to allow the opposing party a fair opportunity to respond to the claim of error and to show why the district court should rule against that claim, and (3) to create a record sufficient to allow this Court to make an informed decision regarding the contested issue."). The fact that Plaintiff subsequently elicited testimony regarding the white pill does not mean that he waived his argument that the evidence was inadmissible. *Cf. State v. Zamarripa*, 2009-NMSC-001, ¶ 50, 145 N.M. 402, 199 P.3d 846 ("There is no waiver where a[n] . . . attorney, his or her original objection rejected by the court, determines to 'make the best of a bad situation' and argues the improperly admitted evidence in [his or her] client's favor."). Thus, Plaintiff preserved this issue for appeal.

**C.**     **The District Court Did Not Erroneously Admit Evidence Referring to the White Pill**

Before addressing Plaintiff's specific arguments concerning the admission of evidence referencing the white pill, we provide additional background to frame our analysis. Plaintiff's complaint asserted a variety of § 1983 claims under the First, Fourth, Fifth, and Fourteenth Amendments in addition to state tort claims for false arrest, false imprisonment, and malicious abuse of process. Although these claims required Plaintiff to prove a variety of different elements, there was at least one common element: probable cause. *See Santillo v. N.M. Dep't of Pub. Safety*, 2007-NMCA-159, ¶¶ 12-13, 143 N.M. 84, 173 P.3d 6 (describing probable cause as an element in state tort claims for false arrest, false imprisonment, and malicious abuse of process); *see also Kerns v. Bader*, 663 F.3d 1173 (10th Cir. 2011) (discussing probable cause in the context of § 1983 false arrest and false imprisonment claims); *Wilkins v. DeReyes*, 528 F.3d 790, 805 (10th Cir. 2008) (discussing probable cause to initiate criminal proceedings as an element of § 1983 malicious prosecution claims). Thus, in order for Plaintiff to have prevailed on his federal and state claims for false arrest, false imprisonment, and malicious abuse of process based on probable cause, Plaintiff was required to establish that Defendants lacked probable cause for his arrest, continued confinement, or prosecution for DUI and the lane violation.

The question in this case is whether evidence of the white pill could be considered in the probable cause determination. As we understand his argument on

appeal, Plaintiff argues that evidence referring to the white pill could not be used to establish probable cause for his arrest or prosecution because Officer Herrera failed to mention the white pill in the criminal complaint. Plaintiff, relying on two federal cases, maintains that the admission of the evidence of the white pill violated federal law establishing that evidence that was not presented to a magistrate cannot be used to support probable cause in a later malicious prosecution case. *See Wilkins*, 528 F.3d 790; *Wolford v. Lasater*, 78 F.3d 484 (10th Cir. 1996).

We are not persuaded because we conclude that Plaintiff misapplies the federal cases that he relies on to support his argument. Contrary to Plaintiff's contention, those cases do not stand for the proposition that information omitted from a criminal complaint is to be excluded from the probable cause determination. Instead, those cases held that false information included in an affidavit for an arrest warrant cannot be considered in determining probable cause while information withheld from an affidavit should be considered in determining probable cause. *Wilkins*, 528 F.3d at 801-02; *Wolford*, 78 F.3d at 489. If these principles are applied in the present case, we would reach a result opposite from the one Plaintiff seeks; that is, we would affirm the district court's admission of the white pill to determine if that omitted information would have vitiated probable cause for his arrest or the magistrate court's probable cause determination.

Plaintiff also summarily challenges the district court's decision to admit evidence of the white pill on the ground that he "opened the door" to its admission during his opening statement. We are also unpersuaded by this argument. During his opening statement, Plaintiff's counsel discussed the DRE report results indicating that there were no signs of drug impairment in comparison to other exhibits in which Officer Herrera had marked that Plaintiff was impaired by either an "unknown" drug or an "antidepressant." The district court determined that counsel's statements implied that Officer Herrera had no basis for claiming in the exhibits that Plaintiff was under the influence of drugs and, thus, the statements made relevant any evidence that could dispute this contention. We conclude that the district court properly exercised its discretion in determining that Plaintiff's statements had opened the door to admission of the white pill. *See Coates v. Wal-Mart Stores, Inc.*, 1999-NMSC-013, ¶ 38, 127 N.M. 47, 976 P.2d 999 (stating that a party opens the door to evidence when they make a statement which causes the evidence to become relevant). Moreover, the district court stated that once evidence of the white pill was admitted, Plaintiff would be entitled to an instruction "that there is no indication whatsoever that [the white pill] is a prohibited drug or falls within the category that it might be a basis for a conviction." There is no indication that Plaintiff ever sought this instruction, which, if it had been given, may have resolved a number of Plaintiff's concerns regarding the

admission of the white pill. The district court did not abuse its discretion in admitting the evidence on this basis either.

**II.      Probable Cause Determination on State Claims**

We next address two arguments made by Plaintiff concerning the probable cause determination. Before doing so, we point out that the issues raised by Plaintiff in this section were either summarily raised or inadequately developed without providing authority or record support. This Court has no duty to review arguments that are unclear or inadequately developed. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076.

As we understand his argument, Plaintiff contends that there was false information included in the criminal complaint and that other material information was omitted from the complaint. Plaintiff argues that if the criminal complaint was altered to accurately reflect the facts Plaintiff alleges were known to Officer Herrera, there would be no probable cause to support the complaint.

We note first that Plaintiff has failed to provide us with any record support for any of the facts he argues were omitted from and should have been included in the criminal complaint. From the parties' briefing, it is apparent that throughout the entire course of the proceedings below, the parties disputed many factual details concerning Plaintiff's arrest and, in particular, the facts known to Officer Herrera at the time he

13

filed the criminal complaint. We decline to search the record for the testimony or rulings that would establish the facts relied upon by Plaintiff in support of this argument. *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104. In addition, we are in no position to determine whether facts included in the criminal complaint were false or misleading. Doing so would require us to make credibility determinations regarding the evidence presented and the testimony of Plaintiff, Officer Herrera, and the DRE evaluating officer that are better suited for the finder of fact. "As an appellate court, we do not substitute our judgment for that of the fact[]finder concerning the credibility of witnesses or the weight to be given their testimony." *State v. Nichols*, 2006-NMCA-017, ¶ 9, 139 N.M. 72, 128 P.3d 500 (internal quotation marks and citation omitted).

We are also unable to discern how altering the criminal complaint in the manner sought by Plaintiff would establish whether there was probable cause to support Plaintiff's arrest, continued detention, or prosecution. Plaintiff ignores other information noted by Officer Herrera in the criminal complaint—that Plaintiff committed a lane violation, exhibited slurred speech, had bloodshot, watery eyes, and his performance on the field sobriety tests. Plaintiff's briefing is silent as to how this information affected the magistrate court's probable cause determination, or alternatively, how the facts he alleges should have been included in the complaint

14

would have vitiated any probable cause that this information could have given rise to. Thus, we decline to conclude that the district court erred in regard to the probable cause determination.

**III.     Judgment as a Matter of Law on Plaintiff's Federal Claims**

At the close of Plaintiff's case-in-chief, Defendants moved for judgment as a matter of law on all of Plaintiff's federal claims. Defendants' motion called for the dismissal of all of Plaintiff's federal claims under § 1983 on the ground that they were barred by *Atwater v. City of Lago Vista*, 532 U.S. 318 (2001). The district court agreed and dismissed Plaintiff's § 1983 claims for false arrest, false imprisonment, and malicious prosecution. On appeal, Plaintiff concedes that *Atwater* bars his federal false arrest claim. However, Plaintiff contends that *Atwater* was inapplicable to his remaining federal claims, and in particular, his § 1983 malicious prosecution claims under the Fourth and Fourteenth Amendments.

We decline to address this issue because Plaintiff fails to adequately develop or support his argument. Plaintiff fails to cite any authority supporting his argument regarding the applicability of *Atwater* in his brief-in-chief. And we note that Plaintiff expressly concedes in his reply brief that he was unable to find any on-point authority for his argument. We decline to consider arguments that are unsupported by authority. *See ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125

N.M. 244, 959 P.2d 969.  Moreover, Plaintiff devotes only two pages in his brief-in-chief to this issue and makes only general, non-specific arguments.  Thus, we are left with little to guide our appellate review.  As stated previously, "[w]e will not review unclear arguments, or guess at what [a party's] arguments might be." *Headley*, 2005-NMCA-045, ¶ 15.  Consequently, we affirm the district court's dismissal of Plaintiff's federal claims.

**IV.    Closing Argument of Defense Counsel**

Plaintiff argues that the district court abused its discretion in failing to grant a mistrial or new trial on the basis of three statements made by Defendants' counsel during closing argument.  Plaintiff asserts that the statements, which concerned Plaintiff's immigration status and reasons why Plaintiff remained in jail for fifty-two days, were improper because they were not supported by evidence in the record and were unfairly prejudicial to his case.

Plaintiff argues that the following italicized statements by defense counsel during closing arguments were improper:

[Defense]:    And then, *because he [Plaintiff] was here illegally —*

[Plaintiff]:    Objection.  Those are facts not in evidence.

The Court:    Sustained.  The jury will disregard the last statement.

[Defense]:    *Because [Plaintiff] was then, when he was released, picked up by border patrol —*

16

[Plaintiff]:    Objection, Your Honor.

The Court:   Well, I think that came in under your redirect.  So that is overruled.

. . . .

[Defense]:   [A]s Plaintiff told you, he was not advised of a surety.  That suggests to you that his counsel didn't tell him to get him out of jail.  What does that suggest to you? *Maybe by this time, his attorney is trying to build a civil rights lawsuit.*

[Plaintiff]:    Objection, Your Honor.

The Court:   Objection sustained.  The jury will disregard that, including the statement about what [Plaintiff's defense attorney] did or did not do with the fees that he was [given] —

(Emphasis added.)  Plaintiff moved for a mistrial at the end of closing argument on the basis of the above three statements, which the district court subsequently denied. The district court also denied Plaintiff's motion for a new trial on this basis.  On appeal, Plaintiff contends that the district court's rulings were erroneous.

We apply an abuse of discretion standard in reviewing a district court's decision regarding whether to declare a mistrial or grant a new trial due to improper arguments of counsel. *Jolley v. Energen Res. Corp.*, 2008-NMCA-164, ¶ 24, 145 N.M. 350, 198 P.3d 376.  "In this environment of discretion, a judgment may be reversed because of arguments of counsel only when (1) the argument is improper and (2) the appellate court is satisfied that the argument was reasonably calculated to cause, and probably

17

did cause, an improper verdict in this case." *Id.*; *see Benavidez v. City of Gallup*, 2007-NMSC-026, ¶ 16, 141 N.M. 808, 161 P.3d 853. As the party asserting error in the present case, Plaintiff has the burden of establishing that the district court abused its discretion. *Id.* In reviewing Plaintiff's argument, we "consider the evidence, the arguments themselves, the prejudicial effect of the argument in light of the evidence, and any limiting or cautionary instructions of the trial court." *Enriquez v. Cochran*, 1998-NMCA-157, ¶ 132, 126 N.M. 196, 967 P.2d 1136.

Trial courts have "wide discretion in controlling argument of lawyers in addressing the jury and absent a clear abuse of discretion, it is not for [the appellate court] to interfere." *Grammer v. Kohlhaas Tank & Equip. Co.*, 93 N.M. 685, 693, 604 P.2d 823, 831 (Ct. App. 1979); *see also Enriquez*, 1998-NMCA-157, ¶ 133. Plaintiff argues that the three statements were improper because they were not based on evidence in the record and were inflammatory and highly prejudicial. Defendants argue in response that the statements either had evidentiary support or were reasonable inferences that could be drawn from the evidence presented during the trial. Although our appellate courts have previously found arguments by counsel to be improper when they are not based on evidence in the record, *Benavidez*, 2007-NMSC-026, ¶ 17, or when they "leave a palpably inaccurate impression with the jury," *Enriquez*, 1998-

18

NMCA-157, ¶ 134, we are not convinced that the district court abused its discretion in this case.

Although Plaintiff initially filed, and defense counsel stipulated to, a pre-trial motion in limine to exclude immigration-related testimony or evidence, it was Plaintiff himself who brought immigration-related matters into the record at trial. Specifically, during Plaintiff's direct examination, his counsel asked him several questions related to immigration. In response to this questioning, Plaintiff testified that he had to go to immigration court and had immigration issues due to the criminal proceedings, that "Homeland Security, Border Patrol, Immigration and Customs Enforcement, wanted to remove [him] from th[e] country," that he paid $7,500 to his attorney for the immigration defense and $2,500 for representation in the criminal proceedings, and that he could not defend himself against "the government, [which] was trying to remove [him] from this country" without an attorney. Thus, prior to defense counsel's remarks during closing argument, the jury was aware that there was some question as to Plaintiff's status in the country at the time of the criminal case. Because we view the prejudicial effect of defense counsel's statements in light of the evidence already before the jury, *id.* ¶ 132, we conclude that the district court properly exercised its discretion in determining that defense counsel's statements were not prejudicial enough to merit a mistrial in light of Plaintiff's earlier testimony. *See*

19

*Benavidez*, 2007-NMSC-026, ¶¶ 16-17 (finding no abuse of discretion where the plaintiff failed to meet his burden of showing "how the statements [made during closing argument] caused an improper judgment" or, in other words, caused prejudice).

Furthermore, the district court gave curative instructions to disregard two of the three statements. We presume that the jury "understood and complied with the court's instructions" to ignore defense counsel's statements. *See Jolley*, 2008-NMCA-164, ¶ 28 (internal quotation marks and citation omitted); *see also State v. Benally*, 2001-NMSC-033, ¶ 21, 131 N.M. 258, 34 P.2d 1134. In addition, the jury was given an instruction that closing arguments were not to be considered as evidence or as correct statements of the law. The district court determined that these instructions were sufficient to cure any potential prejudice resulting from defense counsel's statements. We are satisfied that in making this determination, the district court did not abuse its discretion. Accordingly, this case is distinguishable from the case relied on by Plaintiff, *United States v. Cruz-Padilla*, 227 F.3d 1064 (2000), where no curative instructions were sought by counsel or given following improper remarks during closing arguments. *Id.* at 1069.

We agree with the district court's assessment that defense counsel's statements were improper and should not have been made. However, based on the curative

20

instructions given and the minimally prejudicial effect of the statements in light of the evidence already before the jury, we conclude that the district court properly exercised its discretion in denying Plaintiff's motions for a mistrial or a new trial. *See Jolley*, 2008-NMCA-164, ¶ 27 ("The trial judge is in a much better position [than we are on appeal] to know whether a miscarriage of justice has taken place and his opinion is entitled to great weight in the absence of a clearly erroneous decision." (alteration in original) (internal quotation marks and citation omitted)). We therefore affirm on this issue as well.

**CONCLUSION**

For the foregoing reasons, we affirm the judgment entered by the district court.

**IT IS SO ORDERED.**

---

                               **CYNTHIA A. FRY, Judge**

**WE CONCUR:**

---

**CELIA FOY CASTILLO, Chief Judge**

---

**RODERICK T. KENNEDY, Judge**