This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39810**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JOEL MALDONADO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Fred Van Soelen, District Court Judge**

Raúl Torrez, Attorney General
Erica Schiff, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Carrie Cochran, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** A jury convicted Defendant Joel Maldonado of criminal sexual penetration in the second degree of a child between thirteen and eighteen, by force or coercion, contrary to NMSA 1978, Section 30-9-11(E)(1) (2009). Defendant appeals, arguing (1) the district court erred in sentencing Defendant without consideration of a court-ordered presentence report; (2) the district court abused its discretion by limiting the cross-

examination of the victim; and (3) the district court abused its discretion when it refused to strike Juror Five based on undue hardship.[1] Unpersuaded, we affirm.

## DISCUSSION

### I. Presentence Report

{2}     Defendant contends that the district court erred in sentencing him without consideration of a court-ordered presentence report. He argues that without the presentence report, he was unable to present mitigating factors that may have impacted his sentence. Defendant cites to *State v. Cabezuela*, 2015-NMSC-016, ¶ 8, 350 P.3d 1145, to support his argument that a defendant is entitled to present mitigation evidence and have the district court consider a reduction in sentence.  The State counters that Defendant failed to preserve this issue because Defendant never objected during his sentencing hearing or sought a continuance, and has failed to show that the absence of the presentence report resulted in fundamental error. Specifically, the State asserts that "[o]btaining a presentence report is discretionary with the court and is not a matter of right." *See State v. Follis*, 1970-NMCA-083, ¶ 7, 81 N.M. 690 ("The absence of a pre[]sentence report provides no basis for relief."). Additionally, the State argues that Defendant had the opportunity to present mitigating factors during the sentencing hearing, but did not present any witnesses on his behalf and declined to give an allocution.

{3}     When preserved, we review a district court's sentencing for abuse of discretion. *See State v. Vasquez*, 2010-NMCA-041, ¶ 41, 148 N.M. 202, 232 P.3d 438. In order to preserve an issue for appeal, "it is essential that the ground or grounds of the objection or motion be made with sufficient specificity to alert the mind of the trial court to the claimed error or errors." *State v. Chavez*, 2021-NMSC-017, ¶ 16, 485 P.3d 1279 (internal quotation marks and citation omitted). Defendant did not preserve this issue for appeal. At Defendant's sentencing hearing, he did not object to the district court's decision to proceed, despite knowing that the presentence report was ordered but not finished. Accordingly, we review for fundamental error. *See* Rule 12-321(B)(2)(c), (d) NMRA (providing appellate court discretion as an exception to the preservation rule to review questions involving fundamental error or fundamental rights); *State v. Johnson*, 2010-NMSC-016, ¶ 25, 148 N.M. 50, 229 P.3d 523.

{4}     Fundamental error occurs "only if there has been a miscarriage of justice . . . if substantial justice has not been done." *State v. Sutphin*, 2007-NMSC-045, ¶ 16, 142 N.M. 191, 164 P.3d 72 (internal quotation marks and citation omitted). The first step in reviewing for fundamental error is to determine whether an error occurred. *Campos v.*

---

[1]Defendant only reserves one sentence for his argument regarding cumulative error in the conclusion paragraph of his brief in chief. We decline to address this argument given Defendant's deficient briefing. *See State v. Fuentes*, 2010-NMCA-027, ¶ 29, 147 N.M. 761, 228 P.3d 1181 (stating that we will "not review unclear or undeveloped arguments [that] require us to guess at what [a party's] arguments might be").

*Bravo*, 2007-NMSC-021, ¶ 8, 141 N.M. 801, 161 P.3d 846. If we determine that an error has occurred, we proceed to ask whether the error is fundamental. *Id.*

**{5}**     We start by asking whether the district court erred in proceeding with the hearing in the absence of a presentence report. In New Mexico, a presentence report shall be prepared "[u]pon the order of any district or magistrate court" and "include such information as the court may request." NMSA 1978, § 31-21-9(A) (1972). In general, a defendant does not have a right to a presentence report and the absence of such a report provides "no basis for relief."[2] *See Follis*, 1970-NMCA-083, ¶ 7; *see also State v. Lack*, 1982-NMCA-111, ¶ 28, 98 N.M. 500, 650 P.2d 22 ("Use of a presentence report at sentencing is not mandatory."). However, once a presentence report is ordered, a defendant has a right to review its contents prior to the sentencing hearing, and to be heard on matters contained therein. *Lack*, 1982-NMCA-111, ¶ 28.

**{6}**     Here, the district court ordered that a presentence report be prepared, but the report was never completed. When the district court inquired why the presentence report was not completed, the State responded that there was "some confusion over who was supposed to do it." Since the presentence report was never completed, it did not bear any weight on Defendant's sentence.

**{7}**     Defendant argues that *Cabezuela* mandates a presentence report since it "may present mitigating factors." However, the absence of a presentence report, in and of itself, never prevented Defendant from presenting mitigating evidence. Indeed, defense counsel spoke at length about Defendant's drug use as a mitigating factor. Thus, even absent a presentence report, Defendant had ample opportunity during his sentencing hearing to present mitigating evidence under *Cabezuela*. Therefore, we hold there is no error concerning the district court's decision to move forward with the sentencing hearing without the presentence report. Since we determined there to be no error regarding the presentence report, our fundamental error analysis is complete.

## II.     Cross-Examination

**{8}**     Next, Defendant contends that his right to present a defense and confront a witness under both the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and Article II of the New Mexico Constitution was violated when the district court limited his ability to effectively cross-examine the victim. Defendant argues that the district court improperly limited his defense counsel's attempt to impeach the victim "with prior statements she had given to police in 2012, 2018, and 2019," by speaking over the victim and instructing "defense counsel to move on or stating that the question had already been asked and answered." Defendant concludes without any

---

[2]Presentence reports are mandatory in some cases. *See State v. Gutierrez*, 2011-NMSC-024, ¶ 61, 150 N.M. 232, 258 P.3d 1024. In *Gutierrez*, our Supreme Court held that the preparation and submission of a presentence report to the district court were mandatory conditions precedent to a child's sentencing. *See id.* This holding was based on a statutory provision that mandates presentence reports in cases of alleged serious youthful offenders who are convicted of first degree murder. *See id.* ¶ 62 (holding based on NMSA 1978, Section 31-18-15.3(E) (1993)). Whereas here, the preparation and submission of the presentence report was not mandatory to sentence Defendant.

analysis that the evidence limited by the district court on cross-examination "was crucial to the defense to show [the victim] lacked credibility or to show that there were potential biases, prejudices, or ulterior motives."

**{9}** We review evidentiary decisions of the district court for an abuse of discretion. *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829. This Court has established that "[a]n abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." *State v. Garnenez*, 2015-NMCA-022, ¶ 29, 344 P.3d 1054 (internal quotation marks and citation omitted). Evidentiary error is not grounds for a new trial unless harmful. *State v. Tollardo*, 2012-NMSC-008, ¶ 32, 275 P.3d 110.

**{10}** Defendant's briefing regarding this issue is too deficient for us to adequately review it. *See State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031. Defendant fails to properly cite to the record and flesh out the interruptions by the district court that he claims to have violated his right to confront the victim. *See Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments."). All but one of the district court's interruptions were in response to objections from the State. Defendant offered nothing to support a specific claim that the district court erred in any of its rulings on the State's objections. Moreover, Defendant's constitutional arguments consist of only generalized assertions that he is owed a fair trial and that the interruptions violated his right to confront the victim.

**{11}** There is a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error. *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211. Given Defendant's deficient briefing, he has not met his burden of showing that the district court's rulings on cross-examination were clearly against logic and somehow impacted Defendant's constitutional right to confront the victim. *See Garnenez*, 2015-NMCA-022, ¶ 29. Defendant has not persuaded us that the district court abused its discretion by limiting Defendant's cross-examination.

### III.    Jury Selection

**{12}** Defendant argues that the district court's refusal to strike Juror Five for undue hardship violated his right to a fair and impartial jury under both the Sixth Amendment of the United States Constitution and Article II, Section 14 of the New Mexico Constitution. Defendant specifically claims that the district court abused its discretion by failing to excuse Juror Five, despite Juror Five stating that sitting on the jury would cause him to lose "quite a bit of money." Defendant contends that the district court "disregarded this undue hardship" and never asked whether Juror Five's "undue hardship would have any effect on his ability to remain fair and impartial"; therefore, it is impossible to know whether this may have impacted Juror Five's ability to remain neutral in judging the facts of the case.

**{13}** In response, the State argues that Defendant failed to carry his burden of showing that Juror Five was actually biased or that seating him on the jury was an abuse of discretion. The State points out that Defendant fails to offer authority to support his proposition that the court "must strike any panel member who asserts a job obligation." The State also asserts that Defendant had the opportunity to exercise a peremptory strike against Juror Five, but failed to do so.

**{14}** District courts "are vested with wide discretion regarding the jury selection process, and we will not reverse absent an abuse of that discretion." *Benavidez v. City of Gallup*, 2007-NMSC-026, ¶ 10, 141 N.M. 808, 161 P.3d 853. Defendants have the burden of proving "that the jurors finally selected were biased or prejudiced." *State v. Gardner*, 2003-NMCA-107, ¶ 16, 134 N.M. 294, 76 P.3d 47. Here, Defendant fails to support his argument that Juror Five's claim of hardship caused by a loss of profit to his business resulted in either bias or otherwise prejudiced Defendant. Defendant cites *State v. Wiberg*, 1988-NMCA-022, 107 N.M. 152, 754 P.2d 529, seemingly to support his proposition that the district court had a duty to inquire whether Juror Five's "undue hardship would have any effect on his ability to remain fair and impartial." As Defendant points out in his briefing to this Court, however, "[t]he burden of establishing partiality is upon the party making the claim." *Wiberg*, 1988-NMCA-022, ¶ 21. In *Wiberg*, the defendant inquired whether a juror's "views on alcohol or membership in [Mothers Against Drunk Drivers] would make it difficult for her to remain neutral" in a drunk driving case. *Id.* ¶ 20. The juror denied it would. *See id.* The defendant made no further inquiry after the juror indicated she could remain neutral. *See id.* Because the defendant failed to show that the juror was partial, we held that the district "court did not abuse its discretion in refusing to strike" the juror. *Id.* ¶ 25.

**{15}** Similarly here, Defendant did not question whether Juror Five could remain impartial despite his undue hardship. In fact, Defendant failed to ask Juror Five any questions. Rather, when the district court indicated that it would not strike Juror Five for cause, Defendant agreed. Finally, Defendant had the ability to exercise a peremptory challenge against Juror Five, but failed to do so. Absent any facts showing that Juror Five's financial hardship would cause him to be prejudiced, Defendant has failed to meet his burden of showing that Juror Five was partial. We hold that the district court did not abuse its discretion in choosing not to strike Juror Five.

**CONCLUSION**

**{16}** For the foregoing reasons, we affirm Defendant's conviction.

**{17}** **IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**ZACHARY A. IVES, Judge**